[Civ. No. 5149. Second Appellate District, Division One.—September 22, 1925.]

## VINCENT HALLINAN, Petitioner, v. THE SUPERIOR COURT OF KINGS COUNTY et al., Respondents.

[1] ATTORNEY AT LAW—TRIAL OF CASE—RIGHTS AND DUTIES—PRESENTATION OF ARGUMENT. — An attorney engaged in the trial of an action in court has certain rights and privileges, the full exercise of which can neither be abridged nor denied him by the court, and he also has certain duties to perform to his client which are beyond the control of the court, and among these rights and duties is his right, within reasonable limits, to address the court and to present argument upon questions during the progress of the trial.

[2] ID.—LIMITATION OF ARGUMENT—DISCRETION OF COURT.—The right to argue a matter before the court is not unlimited, but must be exercised under the direction of the court and within such limits as may be prescribed by the court in the exercise of its discretion to regulate such matters.

[3] ID.—OBJECT OF ARGUMENT — EXTENT AND SCOPE—DECISION OF COURT.—Argument of counsel, upon questions arising during the progress of a trial, is addressed solely to the court and its object and purpose is to enable the court to have the benefit of the views of counsel upon the questions under discussion in order that the court may be better advised upon such questions before

––––––––––

1. See 24 Cal. Jur. 739; 2 R. C. L. 405.
2. See 24 Cal. Jur. 742; 2 R. C. L. 406.

it is called upon to decide them; and the court, rather than the attorneys in the case, must be the judge as to the extent and scope of such argument.

[4] ID.—POWER OF COURT TO END ARGUMENT—DISOBEDIENCE OF ORDER—CONTEMPT.—When the court reaches the point that it feels that it is fully advised as to the question under discussion and ready to rule upon the same, and, therefore, requires no further enlightenment from counsel, it is clothed with adequate power and authority to order the argument at an end, and, when necessary, in order to enforce its order, to punish the attorney guilty of its infraction; and under such circumstances, the action of counsel in persisting in arguing a matter to the court, after the court has repeatedly ordered him to desist, amounts to disorderly behavior toward the judge of the court, which directly tends to interrupt the due course of the trial and is also disobedience of the lawful order of the court, and such acts are defined as contempt by the provisions of section 1209 of the Code of Civil Procedure.

(1) 15 C. J., p. 970, n. 30; 28 Cyc., p. 1479, n. 74 New.   (2) 38 Cyc., p. 1479, n. 74 New.   (3) 38 Cyc., p. 1479, n. 74 New.   (4) 13 C. J., p. 12, n. 88 New, p. 29, n. 24; 38 Cyc., p. 1479, n. 74 New.

PROCEEDING in Certiorari to review an order of the Superior Court of Kings County and K. Van Zante, Judge thereof, adjudging petitioner guilty of contempt. Writ dismissed.

The facts are stated in the opinion of the court.

B. M. Benson and Richard K. Stewart for Petitioner.

William R. McKay, District Attorney, for Respondents.

CURTIS, J.—Petition for writ of review of an order of the Superior Court of Kings County adjudging the petitioner guilty of contempt of court. The petitioner is an attorney, duly licensed to practice law in all the courts of this state. On the ninth day of July 1925, he was engaged in the trial of a criminal case in said Superior Court, before the respondent judge thereof. In said action he represented one of four defendants who were jointly on trial in said court. The attorneys representing the other

4.  See 5 Cal. Jur. 901.

defendants in said action were Messrs. Covert, Brown, Pryor, and Russell. A witness by the name of Mrs. Edith Jewett was being examined by Mr. Higgins, representing the prosecution. The commitment shows that the following proceedings were had in said court in the course of said trial and were the basis upon which said judgment of contempt was made by said court:

"Q. Did you ever have any conversation with Mrs. Brown in regard to Pearl Camp King working and the work she was doing? Mr. Hallinan: We object to that as irrelevant, incompetent and immaterial, and the proper grounds for impeachment have not been laid. Mr. Brown—Mr. Higgins: Mrs. Brown. Mr. Covert: It is not rebuttal and does not tend to prove or disprove any issue in the case and it was not in the presence of the other defendants and if it is admitted by the ruling of the Court, we request the Court to instruct the jury to disregard it as to all other defendants. Mr. Hallinan: If the Court please, may I be permitted to say how manifestly unfair this is, that the prosecution may start their case all over again, and— The Court: Mr. Hallinan, make your objection to the Court, and get your ruling on it. We don't want any argument at all. Mr. Hallinan: I want to call your Honor's attention to the fact— The Court: The Court knows all about it and I don't want any talk like that from you. Mr. Hallinan: If the Court please, I would like an explanation of what your Honor means by that kind of talk. I made no talk that is not proper. The Court: Mr. Hallinan, if the Court calls your attention again to this, you will be adjudged guilty of contempt of court and there will be a penalty following it. I don't want any more remarks following this— Mr. Hallinan: But, if the Court please— The Court: The Court adjudges you guilty of contempt of Court for continually talking back to the Court when you are ordered to desist from talking, and you are ordered to appear in this court room next Saturday morning at 10 o'clock for the pronouncement of judgment. Mr. Hallinan: And I want to enter an exception to the Court making that statement in the presence of the jury. The Court: You are out of order. Proceed. Mr. Russell: Can't we make an objection. The Court: You can make an objection any time you want to, Mr. Russell. Mr. Russell: I think that is all Mr. Hallinan tried to do. He was trying

to put in a little argument on the outside— The Court: But we don't want any argument. Mr. Russell: I want to ask a question. Are we not going to be allowed to make an objection? The Court: You can make your objections. Mr. Hallinan: And that is what I did. The Court: We don't want any accusations of the Court being unfair, or not doing this way or the other. Mr. Hallinan: The allegation was— The Court: You are out of order. Mr. Pryor: If the Court please, we object to this testimony on the ground that there is no evidence either denying or affirming any conversation with Mrs. Brown and they are offering it in rebuttal now and if there is any testimony of that sort it should have been put in when their case was being introduced in chief. The Court: The objection is overruled.''

From the foregoing statement of the proceedings, it appears that petitioner had interposed an objection to a question asked of the witness Mrs. Jewett. He then proceeded to make an argument in support of the objection. The court directed him to make his objection and get a ruling upon it, but that it did not want any further argument. In spite of this statement by the court that no further argument was wanted, petitioner again attempted to proceed with his argument in support of his objection; whereupon the court again informed petitioner that it did not want to hear any argument, and warned petitioner that if he persisted in his argument he would be found guilty of contempt of court. In the face of this second admonition from the court not to proceed with his argument, the petitioner again began to address the court in support of his objection; whereupon, the court adjudged him guilty of contempt of court ''for continually talking back to the court when you are ordered to desist from talking.''

It is contended by petitioner that the order adjudicating him guilty is void for the reason that the court was without jurisdiction to make such an order. In support of this contention he relies upon the following cases from the appellate courts of this state: *In re Shortridge,* 5 Cal. App. 371 [90 Pac. 478], *Platnauer* v. *Superior Court,* 32 Cal. App. 463 [163 Pac. 237], and *Curran* v. *Superior Court,* 72 Cal. App. 258 [236 Pac. 975].

In the Shortridge case, the petitioner therein had been adjudged guilty of contempt of court for interrupting the proceedings of the court by addressing the court after he had been admonished by the court not to do so, and by insisting on talking to the court. The commitment, however, failed to set forth the language used by petitioner which the court held to be contemptuous, or any of the facts occurring in the presence of the court, as required by section 1211 of the Code of Civil Procedure. The court held that ''The power to punish for contempt, being an arbitrary power, and the facts as recited in the order of commitment being conclusive in such contempt proceeding, the correct rule, in our opinion, is to require the commitment to state the facts so that this court, on reading the commitment, can determine as to whether or not · such facts as a matter of law constitute a contempt of court. When we examine the commitment by the above rule we cannot say as a matter of law that the petitioner was guilty of contempt.''

In the case of *Platnauer* v. *Superior Court, supra,* the petitioner was an attorney at law, and, with another attorney, represented one of the parties to a proceeding then on trial in the court which found him guilty of contempt. The commitment set forth in full the proceedings before the court leading up to the order of the court finding the petitioner guilty of contempt. In substance these facts showed that the court virtually refused to permit the petitioner to participate in the trial then in progress, or to represent his client at said trial. The appellate court, in determining the real question for decision before it, stated it as follows: ''It follows, then, that the whole controversy here reduces itself down to the single and simple question whether it is within the lawful power of a court to deny and foreclose the right of a regularly licensed attorney, regularly employed by a litigant to represent him in the trial of a case, to participate in such trial, even though such attorney might at some time in the progress of the trial of. the cause have been guilty of contumacious conduct, and to punish him as for contempt of court if he attempts actively to represent his client in the trial.'' In annulling the order of contempt, the court said, ''It does not appear from the facts as they are here disclosed that the petitioner

at any time addressed the court in disrespectful language
. . . the alleged contemptuous conduct on the part of the
petitioner appears to have consisted entirely in the peti-
tioner's attempt to take part in the pending proceedings
after the court had ordered that he should not further
participate therein. As above indicated, our conclusion is
that in so acting the court transcended its lawful authority,
and that the order was wholly beyond the jurisdiction of
the court and is, therefore, void.''

In *Curran* v. *Superior Court, supra,* the facts stated in
the commitment showed that the real and only offense com-
mitted by the petitioner therein was his refusal to take his
seat and to remain seated while he was interrogating a
witness. The appellate court held that an order of court,
adjudging him guilty of contempt for disobeying such or-
der was in excess of its jurisdiction. There may be lan-
guage in the decision which is susceptible of a construction
much more favorable to the position of the petitioner herein,
but the decision as an authority must be limited and cir-
cumscribed by the facts upon which it is based.

The question involved in this proceeding, in our opinion,
is the power of the court to order an attorney to desist
from further argument upon a matter then pending before
the court, and, upon said attorney's persistent refusal to
comply with the terms of said order, to punish said at-
torney in contempt for such refusal. It is apparent that
this question was not before the court in any of the three
cases cited by petitioner and referred to above. We have
not been able to find any adjudicated case directly in
point. [1] It must be conceded that an attorney engaged
in the trial of an action in court has certain rights and
privileges, the full exercise of which can neither be abridged
nor denied him by the court. He also has certain duties
to perform to his client which are beyond the control of
the court. Among these rights and duties of the attorney
is his right, within reasonable limits, to address the court
and to present argument upon questions arising during
the progress of the trial. [2] This right to argue a mat-
ter before the court, however, is not unlimited. It must
be exercised under the direction of the court and within
such limits as may be prescribed by the court in the exercise
of its discretion to regulate such matters. Otherwise, an

attorney might delay and impede the trial of a case far beyond any legitimate limits. [3] Argument of counsel, upon questions arising during the progress of a trial, is addressed solely to the court and its object and purpose is to enable the court to have the benefit of the views of counsel upon the questions under discussion in order that the court may be better advised upon such questions before it is called upon to decide them. The court, rather than the attorneys in the case, must be the judge as to the extent and scope of such argument. This must necessarily be so for two reasons. In the first place, the court is primarily responsible for the prompt and orderly dispatch of business pending before it. To permit attorneys in all cases to decide how often and how long they will argue questions arising during the trial, would mean that the direction and control of litigation would be taken from the court and transferred to counsel in the case, and would often result in the unwarranted consumption of the time of the court to the great detriment not only of the parties to the pending litigation, but also of those whose actions are awaiting trial. In the second place, as the argument of counsel is directed to the court alone, the court is in far better position than counsel to decide when it is sufficiently informed as to the subject under consideration. [4] When the court reaches the point that it feels that it is fully advised as to the question under discussion and ready to rule upon the same, and, therefore, requires no further enlightenment from counsel, it is surely clothed with adequate power and authority to order the argument at an end, and, when necessary, in order to enforce its order, to punish the attorney guilty of its infraction. Under such circumstances, the action of counsel, in persisting in arguing a matter to the court, after the court has repeatedly ordered him to desist, amounts to disorderly behavior toward the judge of the court, which directly tends to interrupt the due course of the trial and is also disobedience of the lawful order of the court. Such acts are defined as contempt by the provisions of section 1209 of the Code of Civil Procedure.

In the proceeding before the respondent court the petitioner herein was informed that he might make any objection he desired, but that the court felt that it was fully

advised as to the matters before it and did not desire any argument from counsel, and ordered petitioner not to continue his remarks. The action of petitioner in proceeding with his argument, in the face of this explicit order of the court not to do so, cannot be regarded in any other light than a clear case of contempt of court.

The writ is dismissed.

Conrey, P. J., and Hahn, J., *pro tem.,* concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1925.