■ ADELL JOHNSON et al., Respondents, v NEW YORK DAILY NEWS et al., Appellants. — In an action to recover $50,000 in prize money allegedly won by plaintiffs in a contest promoted by defendants, defendants appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Rosenblatt, J.), dated July 14, 1982, which granted plaintiffs' motion for summary judgment in the amount of $50,000, plus interest and costs. Order and judgment reversed, on the law, without costs or disbursements, plaintiffs' motion for summary judgment is denied and summary judgment dismissing the complaint is granted to defendants. The basic facts are not in dispute and were summarized by Special Term. Plaintiff Dorothy Johnson filled out the entry form for the Super Zingo contest sponsored by defendants, which appeared in copies of the *New York Daily News* of October 7, 1981. She placed the name Shawn Nolley on the entry blank with the address at which they both resided. Dorothy Johnson is the grandmother and guardian of Shawn, who was then 14 years old. She circled certain numbers and mailed the entry, by certified mail, to the proper address. Defendants duly selected the entry at a drawing for the $50,000 prize, and then telephoned the number listed on the entry form to tell the contestant the happy news that the entry was selected for the Super Zingo $50,000 sum. Thereafter, defendants informed plaintiffs that there would be no payment because the entry form was declared to be in violation of rule 6, which, among other things, restricts the contest to "residents of the United States over the age of 18" years. Subsequently, plaintiffs instituted this action to recover the prize money. Rule 5 of the contest rules provides that the drawing of prize winners will be accomplished by defendant D. L. Blair Corporation, "an independent judging organization whose decisions are final". Accordingly, unless there has been a fraud, intentional or gross mistake, irregularity or lack of good faith, which circumstances have not been alleged herein, the decision of the contest judges should not be interfered with by the courts (cf. *Endres v Buffalo Auto. Dealers Assn.,* 29 Misc 2d 756; *Gillmore v Proctor & Gamble Co.,* 417 F2d 615). Moreover, the contest judges' decision cannot be said to be irrational. It is undisputed that plaintiffs did not comply with the rules of the contest. Not only did plaintiff Dorothy Johnson fill in Nolley's name on the form in violation of rule 3 (which requires the entrant to "print your name"), but Nolley, whose name appeared on the form, was under 18 years of age in violation of rule 6. Consequently, it was error for Special Term to grant plaintiffs' motion for summary judgment; such relief should be granted to defendants (see CPLR 3212, subd [b]). Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.