0572

D. J. AHRENS, John Sherer, and William Fergerson, Appellants, v. Bill McDANIEL, Frederick Glaesner, J. K. Van Ness, James C. Kilpatrick, Lanny R. Fountain, individually and as members of the James Island Yacht Club King Mackerel Fishing Tournament Grievance Committee, and the James Island Yacht Club, Respondents.

(336 S. E. (2d) 505)

Court of Appeals

*Walter Bilbro, Jr.*, Charleston, *for appellants.*

*John B. Thomas*, and *Joseph W. Ginn, II*, Charleston, *for respondents.*

Heard May 20, 1985.

Decided Nov. 5, 1985.

"Why, thou deboshed fish, thou!"[1]

BELL, Judge:

This is an action for damages for breach of contract. The plaintiffs, contestants in a fishing tournament, allege the tournament's sponsors wrongfully denied them first place prize money for catching the largest fish. During the trial of the case, the circuit judge granted a motion to dismiss the action with prejudice on the ground that there were no material facts in dispute and the defendants were entitled to judgment as a matter of law. The plaintiffs appeal, arguing that the case was prematurely terminated. We affirm.

The facts of the case are largely stipulated. In August 1981 the James Island Yacht Club organized and sponsored a king mackerel fishing tournament, offering a cash prize to the person or boat members who caught the largest king mackerel. The entry fee was $100 per boat. The rules of the tournament provided that the winning fish would be the heaviest king mackerel presented for weigh-in by a specified time. To be eligible for the prize, a fish had to be in edible condition, it could not be mutilated, and there could be no

---

[1] *The Tempest* III. ii.

foreign matter or objects inside the fish. The rules required each fish to be cut open after weigh-in and inspected for any foreign materials. Any disputes were to be resolved by the tournament Grievance Committee. The rules specified that "decisions of the Grievance Committee are final."

The plaintiffs entered the fishing tournament and, during the allotted time, caught a king mackerel weighing twenty-nine pounds. The next largest fish caught during the tournament weighed less than twenty-six pounds.

When the plaintiffs' fish was cut open by state wildlife officials after the weigh-in, a quantity of ice and water was found in its stomach. The plaintiffs explained that the fish was too large to fit into the ice chest on their boat. Therefore, in order to preserve it in edible condition until they returned for the weigh-in, they wrapped it in damp towels and placed ice in its mouth cavity. They denied forcing ice into the fish's stomach to increase its weight. All parties agree that even without the ice in its stomach the fish was the heaviest one caught in the tournament.

After ice was discovered in the fish's stomach, a written protest was filed with the tournament Grievance Committee. The Committee disqualified the plaintiffs' fish because it contained foreign material and awarded the first prize of $5,140 to the contestant with the next largest fish. This suit followed.

At trial, the plaintiffs stipulated it was not permissible to submit a fish for weighing with foreign matter in its internal cavity. They also admitted a quantity of ice was present in the internal cavity of their fish at weigh-in. They conceded ice is a foreign substance not naturally found in the stomach of fish. However, they claimed a contractual right to the prize money on a theory of "substantial performance," contending they had not intentionally placed ice in the fish's stomach and even without the ice their fish was the largest by a substantial margin. In their view, since they caught the largest fish, the Grievance Committee breached its contract by refusing to award them the prize money.

To prove their case for "substantial performance," the plaintiffs proposed to call a number of witnesses to explain common methods of icing down fish, to express the opinion that the method used by the plaintiffs to preserve their fish

in edible condition was reasonable in the circumstances, and to testify that in similar game fishing tournaments it is permissible to preserve a fish for weighing by packing ice in its mouth.

After the plaintiffs' first witness testified, the trial judge asked counsel to stipulate to certain facts in the case. He then entertained and granted a defense motion to dismiss the action with prejudice. When counsel for the plaintiffs requested leave to argue his "substantial performance" theory, the judge declined to hear him. A judgment of nonsuit with prejudice was entered against the plaintiffs.

I

The plaintiffs contend the granting of a nonsuit was improper because all of their witnesses had not testified and, consequently, the court was without sufficient facts to determine whether they could establish a cause of action for breach of contract. We hold the nonsuit was proper.

The rules of the tournament provided the decisions of the Grievance Committee would be final. When they entered the tournament, the plaintiffs agreed to these rules as a material term of the contract. Accordingly, unless there was fraud, intentional or gross mistake, or lack of good faith (none of which the plaintiffs alleged), the Committee's decision, even if erroneous, was binding on the plaintiffs and should not be disturbed by the courts. *See Johnson v. New York Daily News*, 97 A.D. (2d) 458, 467 N.Y.S. (2d) 665 (1983).

Moreover, once it was stipulated the plaintiffs' fish contained a quantity of ice in its stomach, they were precluded, as a matter of law, from recovering damages for breach of contract. The rules of the tournament did not permit a fish to have foreign matter in its internal cavity. This constituted an express condition of the contract. Since the plaintiffs failed to comply with the condition, they had no right to enforce the contract. *Lach v. Cahill*, 138 Conn. 418, 85 A. (2d) 481 (1951). They cannot rely on substantial performance as a basis for recovery, because the doctrine of substantial performance does not apply to express conditions. *Ram Development Corp. v. Siuslaw Enterprises, Inc.*, 283 Or. 13, 580 P. (2d) 552 (1978). Thus, any

evidence they might have introduced to show they substantially performed the contract was immaterial.

In the circumstances, it was not error for the trial judge to grant a nonsuit before all of the plaintiffs' witnesses had testified. Although the usual time for a nonsuit is after the plaintiff closes his evidence in chief, a motion for a nonsuit may be made at any time during the trial of a case. *McCown v. Muldrow*, 91 S. C. 523, 74 S. E. 386 (1912). The material facts were before the court when it entertained the motion for nonsuit and those facts established the defendants' right to judgment as a matter of law. We reject the plaintiffs' further contention that the judgment should be reversed because the court "solicited" counsel to move for a nonsuit. A judge may grant a nonsuit on his own motion as well as on motion of counsel. *Gobbel v. Columbia Ry., Gas & Electric Co.*, 107 S. C.. 367, 93 S. E. 137 (1917).

## II

The plaintiffs also except to the trial judge's refusal to hear argument on the issue of substantial performance after the motion for a nonsuit had been granted. Ordinarily, the conduct of the trial and the limitation of arguments on motions arising during trial are matters within the sound discretion of the trial judge. *Davis v. Atlantic Coast Line R.R. Co.*, 150 S. C. 130, 147 S. E. 834 (1929) *rev'd on other grounds*, 279 U. S. 34, 49 S. Ct. 210, 73 L. Ed. 601 (1929); *cf. Hallinan v. Superior Court in and for Kings County*, 74 Cal. App. 420, 240 P. 788 (1925). The plaintiffs have not shown an abuse of discretion in this case. Since substantial performance did not entitle them to a recovery on the contract, the judge was not required to hear their argument on the issue of substantial performance.

## III

We appreciate the keen disappointment an angler feels over "the one that got away." It is unfortunate the prize eluded the plaintiffs in this tournament, but their skill with hook and line has not been entirely unrepaid. We ask them to keep in mind the first maxim of fishing: "Doubt not but angling will prove to be so pleasant that it will prove to be,

like virtue, a reward to itself." Izaak Walton, *The Compleat Angler*, pt. I. i at 190 (J. Bevan ed. 1983) (1st ed. London 1653).

Affirmed.

SHAW and CURETON, JJ., concur.