1353

COASTAL SEAFOOD COMPANY, INC., Appellant v. ALCOA SOUTH CAROLINA, INC., Respondent.

(381 S. E. (2d) 502)

Court of Appeals

*F. Mikell Harper,* of *Harper & Harper,* Beaufort, *for appellant.*

*Joab M. Dowling, Jr.,* of *Dowling, Sanders, Dukes, Svalina, Ruth & Williams,* Beaufort, *for respondent.*

Heard May 8, 1989.

Decided June 12, 1989.

SANDERS, Chief Judge:

Appellant Coastal Seafood Company, Inc. sued respondent Alcoa South Carolina, Inc. seeking a declaratory judgment that a certain contract between the parties was valid. Coastal Seafood also sought to have Alcoa required to perform the contract. Alcoa answered, alleging that the contract had been terminated. The Master-in-Equity entered judgment for Alcoa. Coastal Seafood appeals. We affirm.

Coastal Seafood held the lease for the oyster beds surrounding Dataw Island. Alcoa owns the island. The parties entered into a contract by the terms of which Alcoa agreed to pay Coastal Seafood an annual fee to allow the residents of the island and their guests to harvest oysters from the leased beds. The contract provided: "this agreement shall terminate upon ... COASTAL['s] not having the oyster leases from the State of South Carolina for all the oyster beds surrounding Dataw Island."

Coastal Seafood admits that it no longer has the lease for the oyster beds on the northern side of the island. It is also undisputed that Coastal Seafood has been paid for the period of time during which it held the lease for all the oyster beds. Coastal Seafood, nevertheless, argues that it is entitled to have the contract enforced because there are very few oysters on the northern side of the island.

In support of its argument, Coastal Seafood invokes the doctrine of substantial performance. The dispositive issue presented on appeal is whether the doctrine is applicable. We conclude that the doctrine is inapplicable for two reasons.

"The doctrine of substantial performance was conceived for the case where a plaintiff's partial performance has already given to a defendant substantially all that he bargained for and is of such a nature that it cannot be re-

turned." *Diamond Swimming Pool Co. v. Broome,* 252 S. C. 379, 384, 166 S. E. (2d) 308, 311 (1969). Coastal Seafood seeks to prevail on the basis that it *can* substantially perform the contract, not that it *has* substantially performed the contract. The doctrine of substantial performance does not apply in these circumstances.

Moreover, the contract expressly requires strict performance. Where a contract, by its express provisions, makes strict compliance essential, substantial performance is not sufficient. 17A C.J.S. *Contracts* § 508 (1963). The duty of Alcoa under the contract is expressly conditioned on Coastal Seafood's having the lease for all the oyster beds surrounding the island. The word "all," as used in the contract, obviously does not mean "some of," or even "the great majority of." "[T]he doctrine of substantial performance does not apply to express conditions." *Ahrens v. McDaniel,* 287 S. C. 63, 66, 336 S. E. (2d) 505, 507 (Ct. App. 1985).[1]

For these reasons, the judgment entered by the Master-in-Equity is

Affirmed.

SHAW and BELL, JJ., concur.

---

[1] This case, coincidentally, also involved fish, specifically a fish that was disqualified from winning a fishing tournament when ice was found in its stomach. The Court affirmed the decision disqualifying the fish citing, among other authorities, Sir Isaac Walton: " 'Doubt not but angling will prove to be so pleasant that it will prove to be, like virtue, a reward to itself.' Izaak Walton, *The Compleat Angler,* pt. I. ch. i at 190 (J. Bevan ed. 1983) (1st ed. London 1653.)"*Ahrens,* 287 S. C. at 67-68, 336 S. E. (2d) at 508.