COPE, J.
Randy Giunto appeals from an order granting a new trial. Appellees Florida Coca-Cola Bottling Company, Blockbuster Entertainment Corporation and Florida Panthers Hockey Club, Limited (“the Sponsors”) cross appeal from orders denying their motions for directed verdict and for judgment notwithstanding the verdict. We reverse on the cross appeal, rendering the main appeal moot.
In March 1994, Mr. Giunto completed a sweepstakes application for the “Coca-Cola/Blockbuster/Florida Panthers Sweepstakes.” The application contained contest rules (the “Entry Form Rules”). Pursuant to the Entry Form Rules, ten persons would be chosen to receive free tickets to one of ten different Florida Panthers home games. At the game, the ticket winner would be given a chance to win $1,000,000 by shooting a hockey puck across the ice “into and through a special small goal.” Mr. Giunto was selected as one of the persons to have a try at the $1,000,000 prize.
On March 18, 1994, Mr. Giunto appeared at the designated Florida Panthers game for his attempt at the prize. Just prior to his attempt, Mr. Giunto signed a Spectator Agreement to Participate (the “SAP”). Included on the SAP was the requirement that in order for the contestant to win, the puck had to “pass completely through” the goal.
The target in this case was a piece of plywood placed in front of the hockey goal. At the bottom of the plywood sheet a small slot had been created, somewhat larger than the hockey puck.
From a position 118 feet from the hockey goal Mr. Giunto took the contest shot. A videotape shows that the puck hit the corner of the small slot and rebounded from side to side. It did not go completely through the opening, but came to rest just slightly within the slot.[1] A contest judge declared that the shot was unsuccessful.
Mr. Giunto sued the Sponsors for breach of contract alleging that he had successfully made the goal. Mr. Giunto contended that the controlling contest requirement was that the puck pass “into and through” the goal; that the SAP requirement that the puck pass “completely through” the goal was a nullity; and that “into and through” was satisfied if any part of the puck entered the opening, even if the puck did not pass completely through the opening.
The trial court submitted the case to a jury, which found in favor of Mr. Giunto. The court ordered a new trial for reasons we need not explore here, and Mr. Giunto appealed the new trial order. The Sponsors cross appealed, contending that they *1022 were entitled to judgment as a matter of law. We agree with the Sponsors.
The Sponsors, in their motion for directed verdict and motion for judgment notwithstanding the verdict, claimed that Mr. Giunto’s claims were barred because the contest judge had made the determination that Mr. Giunto did not successfully make the shot. The Entry Form Rules provided, “By participating in this sweepstakes, entrants agree to abide by and be bound by these official rules and the decisions of the judges which are final in all matters relating to this sweepstakes.” By submitting the application containing the Entry Form Rules, Mr. Giunto agreed to abide by the decision of the judges.[2]
Other jurisdictions have held that “when a contestant agrees to be bound by the decisions of a tournament director or an awards committee, such decisions are final and binding on contestants absent fraud, gross mistake, or lack of good faith.” National Amateur Bowlers, Inc. v. Tassos, 715 F.Supp. 323, 325 (D.Kan.1989) (citation omitted); Ahrens v. McDaniel, 287 S.C. 63, 336 S.E.2d 505, 506 (Ct.App.1985)(holding that decisions of the tournament committee would be final, unless there was “fraud, intentional or gross mistake, or lack of good faith”); Johnson v. New York Daily News, 97 A.D.2d 458, 467 N.Y.S.2d 665, 666 (1983) (holding that the decisions of the independent judging organization would be final, “unless there has been a fraud, intentional or gross mistake, irregularity, or lack of good faith”); cf. National Collegiate Athletic Assoc. v. Brinkworth, 680 So.2d 1081, 1084 (Fla. 3d DCA 1996)(finding that association’s internal decision precluding a student-athlete from playing football would not be reversed where the procedure implemented in the decision making was fair and there was no suggestion that the association acted maliciously or in bad faith). See generally Michael P. Sullivan, Annotation, Private Contests and Lotteries: Entrants’ Rights and Remedies, 64 A.L.R.4th 1021 (1988); 38 Am.Jur.2d Gambling § 246 (1999).
The contest judge determined that Mr. Giunto had not successfully made the hockey shot. There was neither pleading nor proof of fraud, gross mistake, or lack of good faith. When the puck entered the plywood slot but did not pass completely through it, the contest judge was required to decide whether Mr. Giunto had won under the contest rules. The judge’s decision was binding on Mr. Giunto.
As to the question of whether the puck had to pass “into and through,” or “completely through,” the opening, Mr. Gi-unto signed the SAP which stated, in pertinent part, “I understand that the Official Rules are as follows: ... 9. The puck must pass completely through the target template.” This document clearly informed Mr. Giunto, before he took his contest shot, that the judges would interpret “into and through” to mean “completely through” in order to win. The contest judge’s ruling was in accordance with that interpretation. We are inclined to think that “into and through” means “completely through,” but if there is any room for interpretation, it is better that the interpretation be issued before, rather than after, the attempt at the prize.[3]
Accordingly, we reverse on the cross appeal with directions to the trial court to enter judgment in favor of the Sponsors. In light of that ruling, Mr. Giunto’s appeal is moot.
Reversed and remanded with directions.
JORGENSON, J., concurs.

. The Sponsors acknowledge that the puck passed the plane of the opening of the goal. Mr. Giunto acknowledges that the puck did not pass "completely through" the goal.

. This is akin to an arbitration clause which accomplishes "the salutary purpose of resolving controversies out of court." Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1108 (Fla. 3d DCA 1995).

. A videotape of five other contests using the same plywood goal elsewhere in the country showed that in the other contests, the winning puck passed completely through the goal in each case.