601 So.2d 596 (1992)
Johnny WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2186.
District Court of Appeal of Florida, First District.
June 11, 1992.
Rehearing Denied July 31, 1992.
*597 Johnny Williams, pro se.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We review by appeal the Circuit court's denial of Williams's motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. The motion raised three grounds for relief and was denied by the court without first conducting a hearing. We summarily affirm the denial of the motion on grounds one and two without discussion. We find it necessary to reverse and remand for an evidentiary hearing on ground three for the reasons hereafter stated.
Ground three is based essentially on the allegation that Williams was deprived of competent and effective assistance of counsel during trial because his trial counsel refused to allow him to testify on his own behalf at trial. The motion recited the following:
Long before my trial commenced, I told my trial attorney, J. Peter France, that I wanted to testify at trial in behalf of my defense because I did not know, when I entered Mr. Stewart's car as a passenger, that drugs or narcotics were present within, did not know that Mr. Stewart was engaged in drug trafficking, was never personally told by Mr. Stewart that he was engaged in drug trafficking, and did not possess[] any control over anything within Mr. Stewart's car. However, Mr. France told me that throughout his practice in law, he has always decided not to put clients on the witness stand before juries when it is apparent that they had been convicted of a felony offense at least once. Mr. France told me that juries "highly disfavor[] convicted felons" and that he could not allow me to testify.
I was a front seat passenger in Mr. Stewart's car on July 16, 1988 when the car was signaled by Escambia County Sheriff Officer, Timothy Scherer, to pull over. Prior to the vehicle stop, I was walking down the street in the rain. I had no property or packages in my possession at that time. Subsequently, Mr. Luther Earl Stewart appeared in his car (White Mercedes) and offered me a ride. I entered the front seat passenger side and notice Mr. David Earl Culliver. It was just minutes later when Officer Scherer stopped the car. I told Mr. France these facts before trial.
However, following the prosecution resting its case at trial, Mr. France rested my defense without putting me on the witness stand and without introducing any other testimony or physical evidence in an effort to subject the prosecution's evidence to meaningful adversarial testing.
I did not consent to Mr. France wa[i]ving my right to testify at trial in behalf of my defense. Neither did I personally waive my right to testify. Rather, the decision as to whether I would be permitted to testify was made by Mr. France.
Had I testified at trial and had the jury heard my testimony that I had just entered Mr. Stewart's car and did not possess any knowledge of the presence of drugs within the car, a reasonable probability exists that the jury would have believed my testimony over the testimony of the arresting officers. No narcotics *598 or weapons were removed from my person by the Officer after the stop of Mr. Stewart's vehicle.
Mr. France put me in an untenable and unple[a]sant position of overbearing my desire and will to testify at trial by completely keeping me off the witness stand. Mr. France['s] decision waiving my right to testify denied me the right and opportunity to participate in the criminal trial process that now affects my everyday life and liberty.
Mr. France's action disallowing me from making the personal decision to testify is a very serious error that was not the result of professional judgment.
Had Mr. France allowed me to exercise my right to testify in behalf of my defense, given consideration to my wouldbe trial testimony, a reasonable probability exist[s] that I would have created a reasonable doubt in the State's evidence. A reasonable doubt in the minds of the jury certainly would have resulted in a different outcome than that reached by the jury at trial.
I was denied my State and Federal constitutional rights to competent and effective assistance of counsel at trial.
We hold that these allegations are sufficient to warrant the circuit court's holding an evidentiary hearing to determine whether Williams in fact waived his right to testify during trial, or whether that right was waived by his trial counsel without Williams's concurrence. In U.S. v. Teague, 953 F.2d 1525 (11th Cir.1992), the Eleventh Circuit, sitting en banc, reaffirmed that "a criminal defendant has a fundamental constitutional right to testify in his or her own behalf at trial" and that "[t]his right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." 953 F.2d at 1532. The court further concluded that "the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)."[1] 953 F.2d at 1534. In Teague the trial court held an evidentiary hearing that afforded the defendant full opportunity to submit evidence in support of his claim of ineffective assistance of counsel and made findings of fact that supported its conclusion that the defendant had failed to show that his will was overborne by his counsel. Accordingly, the court denied Teague relief.
In this case, no evidentiary hearing was held. The circuit court denied the motion because (1) Williams admitted that he discussed the matter with his counsel prior to trial, and the record indicates that Williams's counsel made a tactical decision that Williams should not testify; (2) Williams did not make a complaint to the trial court about the matter during trial, nor did he make any demand to testify; and (3) the facts to which Williams would have testified are "simply not credible," and even if counsel's actions were below that expected of competent counsel, Williams failed to demonstrate that the outcome of the proceeding would have been different if he had testified. No parts of the record were attached to the order in support of these findings by the court.
In its answer brief filed pursuant to a request from this court, the state argues that "appellant has presented no evidence that his will was overborne by counsel" and urges that there is no need for an evidentiary hearing "in light of appellant's conclusory claim which wholly fails to show that appellant's counsel overbore his will and forced him to relinquish his right to testify."
We conclude that the allegations in Williams's motion raise a substantial question *599 as to whether he was in fact deprived of his constitutional right to testify by reason of the conduct of his appointed counsel. The allegations, if true, are facially sufficient to satisfy the two-prong test in Strickland v. Washington. While an evidentiary hearing is not necessarily required in every case of facially sufficient allegations of ineffective assistance of counsel on the grounds set forth in Williams's motion, either the portions of the record that conclusively show that the defendant is entitled to no relief must be attached to the order denying the motion or the circuit court must grant an evidentiary hearing on the motion under rule 3.850. Here, it is apparent that the circuit court's denial of the motion is based on matters of fact that should have been determined upon an evidentiary hearing, as was done in the Teague case. Accordingly, the appealed order is reversed and the cause is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
ERVIN and ZEHMER, JJ., concur.
BOOTH, J., dissents in part with written opinion.
BOOTH, Judge, dissenting in part.
The trial court was correct in denying the motion. I would affirm the order below in its entirety.
NOTES
[1] In Strickland, the Supreme Court defined the two requirements for a claim of ineffective assistance of counsel as follows:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
466 U.S. at 687, 104 S.Ct. at 2064.