PER CURIAM.
Charles Kersey appeals the summary denial of his motion for postconviction relief claiming ineffective assistance of trial counsel. Of the seven grounds raised, we hold that only one may have merit and reverse and remand for the trial court to consider that single issue.
Kersey claims that trial counsel was ineffective for refusing to allow him to take the witness stand in his own behalf. In his memorandum in support of his motion, Ker-sey states that “because of Defense Counsel’s domination” he did not take the stand. It is asserted that, had he been allowed to testify as requested, he would have explained statements made in his taped confession.
This court has recently examined the right of a defendant to prevail on a claim of ineffective assistance of counsel when he is denied the right to testify. See Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994); Nixon v. State, 637 So.2d 935 (Fla. 2d DCA 1994); Dukes v. State, 633 So.2d 104 (Fla. 2d DCA 1994).[1]
In its order denying the motion for post-conviction relief, the trial court points out that Kersey does not indicate the additional facts which would have been presented had he testified. The trial court concludes that Kersey fails to demonstrate ineffective assistance of counsel because the record rebuts his claim. This reasoning is insufficient. See Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992). The allegations presented by Kersey are adequate to warrant an evidentia-ry hearing to determine if he waived his right to testify during trial, or whether the right was waived by his trial counsel without Kersey’s concurrence. Id., 601 So.2d at 599.
Therefore, we reverse and remand for an evidentiary hearing concerning Kersey’s allegations that he was denied the right to testify at trial. In the alternative, the trial court may attach those portions of the record which conclusively rebut Kersey’s claim. See Williams and Gill. In all other respects the trial court’s order denying the motion for postconviction relief is affirmed.
HALL, A.C.J., and FULMER and QUINCE, JJ., concur.

. The Florida supreme court held that the right to testify is not a fundamental right. See Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). However, the federal courts have stated that the defendant’s right to testify is fundamental. U.S. v. Teague, 953 F.2d 1525, 1534-35 (11th Cir.), cert. denied, - U.S. -, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992). The proper method of raising this issue is through a claim of ineffective assistance of counsel. Id.