PER CURIAM.
Charles D. Vandenburgh, Jr., appeals the denial of his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Although he has raised several grounds, only one merits discussion. Vandenburgh claims that his counsel was ineffective for depriving him of his constitutional right to testify. We are required to construe appellant’s allegations implicating his constitutional right to testify most favorably to him. Williams v. State, 642 So.2d 67, 68 (Fla. 1st DCA 1994). Accordingly, the cause is reversed and remanded with directions that, as required by Rule 3.850, the trial court either conduct an evidentiary hearing or attach portions of the record conclusively demonstrating that Vandenburgh is entitled to no relief with respect to his claim of ineffective assistance of counsel. Mims v. State, 656 So.2d 577 (Fla. 1st DCA 1995); Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994); Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994); Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992). In all other respects, the trial court’s order is affirmed.
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN, BENTON and VAN NORTWICK, JJ., concur.