658 So.2d 181 (1995)
CHASE MANHATTAN INVESTMENT SERVICES, INC., Appellant,
v.
Edilberto J. MIRANDA, Appellee.
No. 95-1791.
District Court of Appeal of Florida, Third District.
August 2, 1995.
*182 Proskauer, Rose, Goetz & Mendelsohn, LLP and Allan H. Weitzman and Matthew Triggs and Howard K. Coates, Jr., Boca Raton, for appellant.
Hall and O'Brien and J.B. Harris, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
SCHWARTZ, Chief Judge.
This is an appeal, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), from that portion of an order which determined that certain aspects of the plaintiff's case were not subject to arbitration. We reverse.
The appellant, Chase Manhattan Investment Services, Inc., is a securities dealer-broker which employed the appellee, Miranda, as an account executive. They were both sued in California by a client of Miranda who claimed that Miranda had defrauded the client in the course of his employment with Chase Manhattan. As a result, Chase Manhattan embarked on an investigation of Miranda which involved, he alleged in the instant action, the commission of several intentional torts including  insofar as is relevant here  those of conversion, by searching and taking possession of Miranda's personal effects at his work station in the company offices, and invasion of privacy, by securing information as to his personal banking accounts in an attempt to learn whether he had improperly taken money from Chase or the client. In the order now before us, the trial judge held that the counts of the complaint for conversion and invasion of privacy did not "[arise] out of [his] employment" [e.s.] so as to require their arbitration under the Form U-4 he executed in connection with his registration with the National Association of Securities Dealers.[1],[2] We disagree.
Even without, but especially with, considering the strong bias in favor of arbitration mandated both by the applicable federal law, see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and by our own, see State Farm Fire & Casualty Co. v. Middleton, 648 So.2d 1200 (Fla. 3d DCA 1995), it seems clear that  however allegedly horrendous  Chase Manhattan's actions were directly related to, and indeed would not have occurred but for, its employer-employee relationship with Miranda. They therefore must be deemed to have "arisen out of that employment" so as to require their resolution by arbitration under the agreement. See Nazon v. Shearson Lehman Bros., Inc., 832 F. Supp. 1540 (S.D.Fla. 1993) (compelling arbitration before the NASD of former employee's claims for invasion of privacy and intentional infliction of emotional distress, as well as state statutory claims under Florida Human Rights Act, based on Form U-4); Bachus & Stratton, Inc. v. Mann, 639 So.2d 35, 36 (Fla. 4th DCA 1994) (same as to former account executive's state law claims of invasion of privacy, assault and battery, intentional infliction of emotional distress, defamation, conspiracy to defame and interference with business relationships based on Form U-4); Trumbetta v. Metropolitan Life Ins. Co., No. CIV.A.94-3275, 1994 WL 481152 (E.D.Pa. Sept. 1, 1994) (same as to employee's claim against employer for denying him access to his personnel file); Smith Barney *183 Shearson, Inc. v. Finstad, 888 S.W.2d 111, 114 (Tex. Ct. App. 1994) (same).
Accordingly, the order below, insofar as it denies arbitration on the specified counts, is reversed and the cause remanded with directions to stay the proceeding below pending arbitration of all the allegations of Miranda's complaint.
Reversed and remanded with directions.
NOTES
[1] In the Form U-4, formally the Uniform Application for Securities Industry Registration or Transfer, Miranda stated that:

I agree to arbitrate any dispute, claim, or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD] ... as may be amended from time to time... . [e.s.]
Part I, Section 1, of the NASD Arbitration Code, in turn, requires arbitration of:
any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) [such as Miranda] with any member [such as Chase Manhattan]. ... [e.s.]
[2] Quite inconsistently, it seems to us, Miranda conceded and the trial court held that other intentional torts alleged, such as defamation and interference with business relationships, were arbitrable.