664 So.2d 1107 (1995)
ROYAL CARIBBEAN CRUISES, LTD., Appellant,
v.
UNIVERSAL EMPLOYMENT AGENCY, Appellee.
No. 95-2277.
District Court of Appeal of Florida, Third District.
December 13, 1995.
Rehearing Denied January 10, 1996.
*1108 Keller, Houck & Shinkle and John Keller, Miami, for appellant.
McCormick & Koretzky and David Koretzky, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
This is an appeal from an order denying the defendant's motion to compel arbitration. We reverse.
Royal Caribbean Cruises entered into a "hiring agreement" with appellee, Universal Employment Agency, a Colombian corporation, under which UEA was to provide the shipping company with the names of prospective crew members. If Royal Caribbean decided to hire such a person, it issued UEA a "letter of employment," to be used by the crewman to secure the necessary visa to enter the United States where he would join a crew. During the term of the agreement, several Colombians presented what appeared to be fraudulent letters of employment to the American Embassy in Bogota. In this action, UEA claimed that Royal Caribbean had falsely told the Embassy that the agency was responsible for the fraud, with the result that it was forced to suspend its employment operations. The complaint sought money damages for the alleged intentional torts of defamation, fraud, and business interference.
The hiring agreement contains a standard American Arbitration Association clause which provides that:
[a]ny controversy or claim arising out of or relating to this Agreement or the breach of any term or provision hereof shall be settled by arbitration in the City of Miami, State of Florida, U.S.A. in accordance with the rules of the American Arbitration Association.
The issue on appeal is whether that clause applies to this action. We find that it does.
It is now an axiom of federal, see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and Florida law, see State Farm Fire & Casualty Co. v. Middleton, 648 So.2d 1200 (Fla. 3d DCA 1995), that arbitration clauses like this are to be given the broadest possible interpretation to accomplish the salutary purpose of resolving controversies out of court. In this case, the entire underlying controversy concerns the letters of employment which were a key element and were, in fact, indispensable to the operation of the hiring agreement between the parties. The dispute thus clearly had its "origin or genesis in the contract," Sweet Dreams Unlimited v. Dial-A-Mattress Int'l, Ltd., 1 F.3d 639, 642 (7th Cir.1993), and was both "directly related to, and... would not have occurred but for" the relationship it established. Chase Manhattan Inv. Servs., Inc. v. Miranda, 658 So.2d 181, 182 (Fla. 3d DCA 1995). Since all this is true, in turn, this action  even though it sounds entirely in tort and neither claims a breach of the contract *1109 nor involves its performance or interpretation  must be deemed to be one "arising out of or relating to [the] Agreement" within the meaning of the clause in question. In common with apparently every other court which has interpreted this language, we therefore conclude that the present action must be referred to arbitration. Sweet Dreams, 1 F.3d at 639; Carib Aviation & Marine Consultants, Ltd. v. Mitsubishi Aircraft Int'l, Inc., 640 F. Supp. 582 (S.D.Fla. 1986); Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, 543 So.2d 359 (Fla. 1st DCA 1989); see also Chase Manhattan, 658 So.2d at 181, 182 n. 1, and cases cited (arbitration required for tort actions "arising out of ... employment"). Compare Mediterranean Enters. v. Ssangyong Corp., 708 F.2d 1458, 1463 (9th Cir.1983) (construing clauses requiring arbitration of disputes "arising under the Agreement"); In re Kinoshita & Co., 287 F.2d 951 (2d Cir.1961) (same). See generally Stinson-Head, Inc. v. City of Sanibel, 661 So.2d 119 (Fla. 2d DCA 1995).
Accordingly the order below is reversed and the cause remanded to stay the proceedings below pending arbitration of the issues raised by the appellee's complaint.
Reversed and remanded with directions.