PER CURIAM.
Appellant seeks review of a final order summarily denying, as “an abuse of process,” his motion seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Of the instances of alleged ineffective assistance of trial counsel asserted by appellant, only one merits discussion.
Appellant claimed that trial counsel prevented him from testifying in his own defense, notwithstanding his repeatedly expressed desire to do so. Such a claim is legally sufficient. E.g., Vandenburgh v. State, 658 So.2d 181 (Fla. 1st DCA 1995); Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994).
The order denying appellant’s motion has no portions of the record attached. Accordingly, we are unable to conclude that appellant is clearly not entitled to any relief on this claim. Therefore, we reverse and remand as to this claim only. On remand, the trial court shall either attach to its order denying relief portions of the record conclusively showing that appellant is entitled to no relief, either because the claim constitutes an abuse of process or is factually without merit, or hold an evidentiary hearing. In all other respects, the order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and LAWRENCE, JJ., concur.