DAKAN, STEPHEN L., Associate Judge.
Appellants, M.J. Whitman, L.P., and M.J. Whitman, Inc., who will be referred to as “Whitman,” have appealed from a final judgment entered against them and in favor of Appellee, Mitchell Frank, who will be referred to as “Frank.”
Whitman, a registered securities broker and member of the National Association of Securities Dealers, Inc., known as NASD, hired Frank as a salesperson. Frank is a securities representative registered with NASD. In order to perform his job with Whitman, he was required to, and did, transfer his registration from his former employer to Whitman. This transfer was accomplished by Frank’s execution of an industry wide Uniform Application For Securities Industry Registration Or Transfer document, referred to as a “Form U-4.” This form listed Whitman as Frank’s new employer. Whitman subsequently terminated Frank’s employment, and Frank filed his breach of contract action, claiming he was fired without cause.
Whitman sought to compel arbitration under the terms of the U-4, but all efforts to require arbitration were denied by the circuit court. Whitman argues that it was error for the trial court to deny its demands for arbitration. We agree and reverse.
It is undisputed by either side that if the terms of the U-4 form apply to the parties, Frank’s employment dispute would be subject to arbitration. Frank convinced the trial court that since the U-4 was not a part of the written employment agreement between the parties and that because the agreement made no reference to arbitration, Frank could not be compelled to arbitrate.
Federal laws regulating interstate securities representatives apply to this case. Chase Manhattan Inv. Services, Inc. v. Miranda, 658 So.2d 181 (Fla. 3d DCA 1995); Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981).
The Federal Arbitration Act, under which Whitman sought arbitration, provides that an agreement in writing to submit to arbitration is valid and enforceable. 9 U.S.C. §. 2 (1995). Though such agreements are with securities exchanges rather than with individual employers, the agreements are enforceable by employer members of the exchange without regard to whether their employment agreements also contain arbitration provisions. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); Thomas James Associates v. Jameson, 102 F.3d 60 (2d Cir.1996); Williams v. Cigna Fin. Advisors, Inc., 56 F.3d 656 (5th Cir.1995). See also O’Donnell v. First Investors Corp. 872 F.Supp. 1274 (S.D.N.Y.1995).
In this case, the Form U-4 was executed by Frank; was in effect at the time Whitman fired him; and its arbitration requirements were enforceable by either Whitman or Frank. The fact that the employment agreement between Whitman and Frank does not refer to the Form U-4 or to *593 any form of arbitration is not a bar to Whitman’s right to seek arbitration.
Frank argues in response to Whitman’s appeal that even if the arbitration provisions of the Form U-4 give Whitman the right to demand arbitration, Whitman’s subsequent conduct constituted a waiver of that right. The burden to establish such a waiver is on Frank, and the record does not support his claim.
Whitman initially filed a motion to compel arbitration and to dismiss. This was denied by the trial court. Whitman’s lawyer was concerned that if an answer was filed on Whitman’s behalf, it might constitute a waiver of the demand for arbitration. The trial judge made it clear that he was forcing Whitman to file an answer and this would not constitute a waiver.
Whitman filed an answer and an affirmative defense demanding arbitration. Whitman also filed a Motion for Partial Summary Judgment on the arbitration issue and a motion seeking a stay of all depositions pending a resolution of the motion for partial summary judgment. The trial court denied the Motion for Partial Summary Judgment. Whitman then filed a Notice of Appeal of Non-Final Order. This interlocutory appeal was voluntarily dismissed, because Whitman’s lawyer believed an appeal had been taken from a nonappealable order. The case then went to trial.
Frank argues that the voluntary dismissal of the appeal by Whitman constitutes a waiver of Whitman’s arbitration claim. Regardless of whether Whitman’s lawyer was correct or incorrect about his theory for the voluntary dismissal, there is nothing in the dismissal nor in the record in this case subsequent to the dismissal from which this court can conclude that Whitman somehow waived its right to appeal the trial court’s continued denial of Whitman’s attempts to enforce arbitration. The logical extension of Frank’s argument on this point is that if a non-final order that could have been appealed was not, then the appellant could not raise it in a full appeal. This is certainly not provided for in the appellate rules, and this court is unwilling to grant such an extension onto those rules. See Florida Rule of Appellate Procedure 9.180(g).
Since this court finds it was reversible error for the trial court to deny Whitman’s attempts to force arbitration between the parties, the final judgment and the order awarding Frank costs and attorney’s fees must be reversed and remanded.
REVERSED AND REMANDED for proceedings not inconsistent with this opinion.
STONE, C.J., and GROSS, J., concur.