PER CURIAM.
We affirm the summary denial of appellant’s motion for post-conviction relief with respect to grounds one, two, three, and six. However, we find that the portions of the record attached to the trial court’s order do not conclusively demonstrate that appellant is not entitled to relief with respect to grounds four and five, in which he alleged that he was denied effective assistance of trial counsel.
In ground four of his motion, appellant alleged that defense counsel failed to call him to testify, and that if he had been called, he would have denied selling cocaine to the confidential informant, who he alleged was his ex-girlfriend, and would have testified that while they were sitting in his car, she showed him cocaine which she had removed from her waistband. In ground five of his motion, appellant alleged that defense counsel failed to investigate and object to the prosecution’s using a 1989 offense for which adjudication was withheld as a predicate conviction for the purpose of classifying him as an habitual felony offender.
The trial judge’s order summarily denying the motion states, inter aha, that appellant failed to demonstrate that he was prejudiced by ineffective assistance of counsel with respect to these two grounds, explaining his ruling by stating that the record reflects that at the close of the state’s case, the judge and parties discussed the content of a witness’ testimony and whether the witness should remain during the defense case, whereupon, in appellant’s presence, defense counsel stated, without objection from appellant, “We’re not putting on any witness, Judge,” and that appellant did not object when defense counsel subsequently rested the case, leading the judge to conclude that appellant knew of and agreed with defense counsel’s decision not to call him as a witness. The order also states that at the sentencing hearing, the prosecutor introduced, as predicates for habitual felony offender sentencing, certified copies of appellant’s convictions in two 1992 cases. Attached to the order were the transcripts from the two pre-trial hearings, the entire trial, and part of the sentencing hearing, as well as the judgments and sentences in the two 1992 cases referenced in the order as the predicate offenses for habitual felony offender sentencing.
Because the trial court did not conduct a hearing to determine that appellant knowingly and affirmatively waived his right to testify, we conclude that the summary denial of appellant’s ground four was improper. Without such a determination in the record, we cannot say that appellant’s failure to object when his defense counsel rested the case without calling any witnesses conclusively refutes his claim that defense counsel knew that he wanted to testify, but failed to call him. See, Ellis v. *769 State, 635 So.2d 1084 (Fla. 1st DCA 1994); Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992).
As for the summary denial of appellant’s claim in ground five, we find that the portion of the sentencing hearing attached to the trial court’s order does not include the prosecutor’s presentation of the habitual felony offender sentencing predicate offenses, nor does it include the trial judge’s findings regarding his decision to sentence appellant as an habitual felony offender. Accordingly, the record before us does not conclusively refute appellant’s claim: 1) that defense counsel was ineffective for failing to investigate and object to the use of a non-qualifying 1989 offense as a predicate for habitual felony offender sentencing; 2) that the trial court relied upon only the non-qualifying 1989 offense and one of the 1992 offenses in sentencing him as an habitual felony offender; 3) that the prosecutor’s statement at the hearing that he would file certified copies of “two other convictions,” which were not identified, was insufficient for the trial court to determine that these were qualified offenses; and 4) that the other 1992 offense was not a qualified offense because appellant was “released off probation on this offense.”
The summary denial of grounds one, two, three, and six is AFFIRMED. The summary denial of grounds four and five is REVERSED. The case is REMANDED to the trial court for attachment of those portions of the record which conclusively demonstrate that appellant is not entitled to relief on grounds four and five, or for an evidentiary hearing on those claims of ineffective assistance of counsel.
ERVIN and JOANOS, JJ., and SMITH, LARRY G., SENIOR JUDGE, CONCUR.