785 So.2d 660 (2001)
ZAGER PLUMBING, INC., Appellant,
v.
JPI NATIONAL CONSTRUCTION, INC., Appellee.
No. 3D01-77.
District Court of Appeal of Florida, Third District.
May 9, 2001.
*661 Valdini, Palmer & Hale and Sharon Franzus Kung, Boca Raton, and David J. Valdini, for appellant.
Siegfried, Rivera, Lerner, De La Torre & Sobel and Peter H. Edwards, Coral Gables, and Michael N. O'Connell, for appellee.
Before COPE, GODERICH and RAMIREZ, JJ.
COPE, J.
Zager Plumbing, Inc. appeals an order denying its motion to stay arbitration. We affirm.

I.
JPI National Construction, Inc., is a general contractor which entered into a subcontract with Zager. The contract contained an arbitration clause. Contending that it had not been paid amounts which were owed under the contract, Zager recorded a construction lien against the owner's property.
JPI filed a complaint to discharge the lien under subsection 713.21(4), Florida Statutes (1999). Under this statute, the filing of a complaint results in the clerk issuing "a summons to the lienor to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record." Id. If the lienor fails to show cause, "the court shall forthwith order cancellation of the lien." Id.
On the first page of the complaint, the general contractor stated:
By this lawsuit, JPI seeks only to remove a cloud against title to the Property as contemplated by Section 713.21, Florida Statutes, relief which is unavailable in an arbitration proceeding. JPI reserves all rights to arbitrate any arbitrable issue against Zager, and has initiated arbitration proceedings against Zager, as evidenced by Exhibit "G". In the event Zager timely and properly responds to this action, JPI will file a Motion to Stay Pending Arbitration, to the extent such a motion is appropriate under the circumstances.
Attached to the complaint was JPI's demand for arbitration which it submitted to the American Arbitration Association at the same time that it filed its complaint in circuit court.
In the circuit court proceeding, Zager filed an answer and counterclaim seeking to enforce its construction lien.
Zager also filed a motion to dismiss the arbitration, or stay it. Zager contended that by filing an action in circuit court, JPI had waived the right to arbitration. The trial court denied the motion, and Zager has appealed.
During the proceedings below, JPI obtained a transfer bond under section 713.24, Florida Statutes, and the construction lien has been transferred to the bond.

II.
We agree with the trial court that there has been no waiver of the right *662 to arbitration. This court has acknowledged the important public policy in favor of promptly clearing construction liens from real estate. "Since the assertion of a mechanic's lien may have a drastic effect upon the use and alienation of real property, the legislature has ... mandated that a mechanic's lien be promptly litigated." Matrix Constr. Corp. v. Mecca Constr., Inc., 578 So.2d 388, 389 (Fla. 3d DCA 1991) (citation omitted).
There is likewise a strong public policy favoring arbitration. Lapidus v. Arlen Beach Condo. Ass'n, Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). "All questions concerning the scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it." Beverly Hills Dev. Corp. v. George Wimpey of Florida, Inc., 661 So.2d 969, 971 (Fla. 5th DCA 1995).
The procedure followed by JPI in this case was a reasonable means to invoke the expedited procedure for clearing liens from real property, while preserving the contractual arbitration mechanism for litigating the merits of the parties' dispute. Until Zager filed its answer and counterclaim under subsection 713.21(4), it could not be known whether Zager intended to enforce the construction lien or would be content to rest solely on its contractual claim. See Matrix, 578 So.2d at 389.
We fail to see how Zager is prejudiced by our allowing this procedure. We distinguish the decision in Bonner v. RCC Assocs., Inc., 679 So.2d 794 (Fla. 3d DCA 1996), as having not involved the mechanism for discharge of lien under subsection 713.21(4).
Affirmed.