PER CURIAM.
American Home Assurance Company [the surety] and Odebrecht Construction, Inc. [OCI] appeal from a nonfinal order denying their motion to dismiss so that the cause may be submitted to arbitration. For the reasons that follow, we reverse.
Total Drywall & Stucco Corp. [subcontractor] sued OCI, the owner, and the surety for breach of contract and other claims arising from materials and labor supplied at the site of the construction of the Ritz Carlton on Key Biscayne. The subcontractor had entered into three separate yet identical contracts with OCI, each of which contained the following clause:
Subcontractor [Total] acknowledges that the prime contract provides for arbitration as the method of dispute resolution among the Contractor (OCI) and Owner. In the event that Contractor is required to submit to such arbitration, the Subcontractor hereby agrees to submit itself to the jurisdiction of the arbitral panel. However, nothing herein shall be construed as granting Subcontractor the right to arbitration under this agreement.
OCI and the surety moved to dismiss or, in the alternative, to stay the action pending arbitration based upon ongoing arbitration between the owner and OCI. OCI requested that the subcontractor join the arbitration, as OCI had vouched the subcontractor’s claims into the arbitration, and all of the claims that the subcontractor sought to litigate would be resolved in the ongoing arbitration.
The trial court erred in denying OCI’s motion to dismiss, as the subcontractor contractually agreed to submit to arbitration. The arbitration that is already ongo *198 ing necessarily implicates all of the subcontractor’s claims against OCI as well as OCI’s possible backcharges against the subcontractor. To allow the litigation to continue flies in the face of both reason and the explicit contractual language. See Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1108 (Fla. 3d DCA 1996) (holding that arbitration clauses are to be given “the broadest possible interpretation to accomplish the salutory purpose of resolving controversies out of court,” where dispute had its “origin or genesis in the contract.”).
Accordingly, we reverse and remand with directions to grant appellants’ motion to dismiss and compel arbitration.
REVERSED AND REMANDED.