949 So.2d 1095 (2007)
WATERHOUSE CONSTRUCTION GROUP, INC., Ofer Zosman, individually, Carlos DeLeon, individually, and Adrian Triana, individually, Appellants,
v.
5891 SW 64TH STREET, LLC., and Thomas Hoffman, individually, Appellees.
No. 3D06-1452.
District Court of Appeal of Florida, Third District.
February 7, 2007.
Rehearing Denied March 27, 2007.
*1096 Diane S. Perera and James C. Kellner, for appellants.
Gustavo Gutierrez, Coconut Grove; Seth Loft; Kimberly L. Boldt, for appellees.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
This is an appeal from the portion of an order denying the defendants', Waterhouse Construction Group, Inc. ("Waterhouse"), Ofer Zosman ("Zosman"), Carlos DeLeon ("DeLeon"), and Adrian Triana ("Triana") (collectively "defendants"), motion to dismiss or motion to stay litigation pending arbitration and motion to compel arbitration of plaintiffs' claims and defendants' counterclaims. We reverse.
5891 SW 64th Street, LLC ("Street"), owned the property which is the subject of this litigation. Thomas Hoffman ("Hoffman"), a real estate developer, and Street (collectively "plaintiffs") agreed to develop the subject property. Subsequently, in April 2004, Street and Hoffman entered into a joint venture agreement (the "JV Agreement") with defendants Zosman and DeLeon to build various homes on the subject property. The JV Agreement specified that defendant Waterhouse would act as the general contractor in the development project. Notably, defendants Zosman and DeLeon are both officers and *1097 directors of Waterhouse, and defendant Triana is an agent of Waterhouse. Several months after the parties entered into the JV Agreement, Street entered into a construction contract (the "Construction Contract") with Waterhouse for the construction of a single family residence on the subject property.
In January 2006, the plaintiffs filed a complaint against Zosman, DeLeon, and Triana for alleged breaches of the JV Agreement. Count I of the complaint alleged that Zosman and DeLeon failed to provide an accounting and diverted joint venture funds by entering into side agreements. Count V of the complaint alleged that Zosman, DeLeon, and Triana violated section 772.103, Florida Statutes, by engaging in a pattern of fraudulent racketeering activity, including forging two Release/Waiver of Liens ("RICO claims"). The remaining counts of the complaint included damages against Waterhouse for numerous breaches of the Construction Contract with Street; however, at a subsequent hearing on the defendants' motions to stay litigation and compel arbitration, the plaintiffs voluntarily dismissed all of their claims against Waterhouse. Therefore, the remaining counts of the plaintiffs' complaint are Count I for breach of the JV Agreement and Count V for the RICO claims.
Defendants Waterhouse, Zosman, and DeLeon filed counterclaims against the plaintiffs for breaches of the Construction Contract and the JV Agreement. Additionally, based on paragraph 15.8 of the Construction Contract, Waterhouse simultaneously moved to stay the litigation and compel arbitration of its counterclaims.[1] Similarly, based on paragraph 21(f) of the JV Agreement, Zosman and DeLeon moved to stay the litigation and compel arbitration of the plaintiffs' remaining claims and their individual counterclaims.[2]
Thereafter, the trial court held a hearing on the defendants' motions to compel arbitration. The trial court denied the defendants' motions as to the plaintiffs' claims and also denied the motions as to the defendants' counterclaims for breach of the Construction Contract and the JV Agreement.[3] The defendants now appeal the trial court's denial of their request to stay litigation and compel arbitration.
We review an order denying a motion to compel arbitration de novo. Briceno v. Sprint Spectrum, L.P., 911 So.2d 176, 179 (Fla. 3d DCA 2005) (citing Tropical Ford, Inc. v. Major, 882 So.2d 476, 478 (Fla. 5th DCA 2004)). There are "three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an *1098 arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (citing Terminix Int'l Co., L.P. v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997)). At issue in this case are the last two elements of the analysis set forth in Seifert.[4]
However, in this case we are also confronted with the issue of whether Zosman, DeLeon, and Triana can compel Hoffman and Street to arbitrate the RICO claims. We must address this issue first because if we determine that a party may not be compelled to arbitrate, the issues of whether the plaintiffs' claims are arbitrable and whether the defendants have waived the right to arbitrate need not be reached.

A. Whether a Non-Signatory Can Compel a Signatory to Arbitrate
Florida courts have clearly recognized that a non-signatory may compel a signatory to arbitration when the non-signatories received rights and assumed obligations under the agreement. Koechli v. BIP Intern., Inc., 870 So.2d 940, 946 (Fla. 1st DCA 2004) (where non-signatories who received rights and obligations under a contract were permitted to compel signatories to arbitration, despite the express language in the contract that only "parties hereto" were subject to arbitration); see also Tenet Healthcare Corp. v. Maharaj, 787 So.2d 241 (Fla. 4th DCA 2001); Ocwen Fin. Corp. v. Holman, 769 So.2d 481 (Fla. 4th DCA 2000). In Turner Construction Co. v. Advanced Roofing, Inc., 904 So.2d 466 (Fla. 3d DCA 2005), we recognized the principle set forth in Koechli, Tenet, and Ocwen, and concluded that, in addition to receiving rights and assuming obligations under the agreement, the non-signatory party must also be an agent, officer, or director of a signatory. Turner, 904 So.2d at 470 (citing MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)).
Because there are two agreements at issue, which involve five parties, we begin by setting forth all the claims and all the parties that can potentially arbitrate each claim before we begin the analysis set forth in Seifert. We conclude that all the defendants may compel the plaintiffs to arbitration. Zosman and DeLeon may compel Hoffman and Street to arbitrate their counterclaims for breach of the JV Agreement because all parties to the counterclaims are also signatories to the JV Agreement. Similarly, Waterhouse's counterclaims are clearly arbitrable as the parties to those counterclaims, Waterhouse and Street, are also signatories to the Construction Contract. We also find that Zosman, DeLeon, and Triana can rely on the arbitration provisions in either the Construction Contract or the JV Agreement to compel Hoffman and Street to arbitrate the RICO claims against them. As noted above, the parties to the Construction Contract are Waterhouse and Street, and the parties to the JV Agreement are Zosman, DeLeon, Hoffman, and Street. Pursuant to the Construction Contract, Waterhouse had a duty to furnish Street with the Release/Waiver of Liens at issue, in order to receive the necessary funds to continue construction. Moreover, the JV Agreement created a duty on Waterhouse, Zosman, and DeLeon to provide documentation directly relating *1099 to the Release/Waiver of Liens.[5] It is evident from the record that Zosman, DeLeon, and Triana also assumed the obligation of executing these duties under both agreements by preparing and submitting these documents to the plaintiffs. Moreover, as required by Turner, Zosman, DeLeon, and Triana were all officers, directors, or agents of Waterhouse.

B. Whether an Arbitrable Issue Exists
Next, we must determine whether counts I and V are arbitrable claims. We disagree with the trial court that the plaintiffs' remaining claims are not arbitrable. It is well-settled that "arbitration is a favored means of dispute resolution ...." Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992) (quoting Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988)). This court has consistently acknowledged the important public policy in favor of arbitration. See, e.g., Zager Plumbing, Inc. v. JPI Nat'l Constr., Inc., 785 So.2d 660, 662 (Fla. 3d DCA 2001); Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1108 (Fla. 3d DCA 1995); State Farm Fire & Cas. Co. v. Middleton, 648 So.2d 1200, 1201-02 (Fla. 3d DCA 1995); Lapidus v. Arlen Beach Condo. Ass'n, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). Thus, we start our analysis by noting that "[a]ll questions concerning scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it." Zager, 785 So.2d at 662 (citing Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc., 661 So.2d 969, 971 (Fla. 5th DCA 1995)).
Here, the JV Agreement stipulates that "the parties agree to an arbitration process, to try to resolve any [and] all disputes." We construe the terms "any [and] all disputes" to include count I of the plaintiff's complaint for alleged breaches of the JV Agreement and count V for the alleged RICO claims. Moreover, the Construction Contract similarly states that "[a]ll claims or disputes . . . shall be decided by arbitration." We construe these terms to include count V of the complaint for the alleged RICO claims. See Royal Caribbean, 664 So.2d at 1108-09 (where this court construed the terms "[a]ny controversy or claim arising out of or relating to this agreement . . ." in the arbitration provision of an employment contract to include all of the plaintiff's fraud, defamation, and business interference claims against the defendant); Ronbeck, 592 So.2d at 346-47 (where the Fourth District construed the terms "all claims or disputes arising out of this contract ..." in the arbitration provision to include all of the plaintiff's fraud, conversion, conspiracy, and civil theft claims against the defendant).
Notably, the plaintiffs' reliance on Seifert is misplaced. Seifert, 750 So.2d at 636. In Seifert, a contract between the Seiferts and U.S. Home explicitly referred only to the purchase and sale of a new home, specifically addressing purchase price, payment schedule, closing costs, and deposits. Id. at 641. The Florida Supreme Court found that Mrs. Seifert's wrongful death claim for an allegedly defective air conditioning system that distributed carbon monoxide emissions from the garage into the home was not covered by the arbitration clause in the Seifert's contract. The court stated that in order for a claim to be submitted to arbitration, the resolution of the claim must require "reference to or construction of some portion of the contract itself," and there must be "some nexus between the dispute and the contract *1100 containing the arbitration clause." Id. at 638-39 (citations omitted). Seifert recognized that Mrs. Seifert's tort claim related to duties wholly independent of the agreement by U.S. Home to construct the home. See also Sears Authorized Termite & Pest Control, Inc. v. Sullivan, 816 So.2d 603, 605 (Fla.2002) (where the Florida Supreme Court distinguished the non-arbitrable wrongful death claim in Seifert from the arbitrable personal injury claims in a pest control customer agreement).
This case is clearly distinct from Seifert for three reasons. First, it is evident from the terms of the arbitration provision in the JV Agreement and the Construction Contract that the parties intended that the arbitration provisions encompass all of the disputes directly relating to the performance of the agreements. Second, contrary to the plaintiffs' argument, the issue of whether Zosman, DeLeon, and Triana violated RICO by forging Release/Waiver of Liens requires a reference to or construction of that portion of the Construction Contract and the JV Agreement regarding Waterhouse, Zosman, and DeLeon's duties of preparing and submitting the documents at issue. See Sears, 816 So.2d at 605 (where resolution of the plaintiff's personal injury claim required a reference to or construction of a portion of the contract, and the disagreement related to the performance or breach of a requirement within the contract). Additionally, it is clear that plaintiffs' claim for breach of the JV Agreement arise from the alleged breach of Zosman and DeLeon's duties under the JV Agreement.[6] Third, unlike the wrongful death claim in Seifert, there is undoubtedly a substantial nexus between the plaintiffs' claim that Zosman, DeLeon, and Triana forged construction documents and the very essence of the Construction Contract and the JV Agreement, which was to build and develop the subject property. Consequently, because counts I and V are predicated on events directly relating to the performance of both agreements at issue, we find them to be arbitrable.

C. Whether the Right to Arbitration was Waived
We disagree with the trial court that the defendants waived the right to arbitration by simultaneously filing counterclaims and motions to stay litigation and compel arbitration. A party may waive its contractual right to arbitrate by actively participating in a lawsuit or taking action inconsistent with that right. Carnival Corp. v. Booth, 946 So.2d 1112 (Fla. 3d DCA 2006) (citing Lapidus, 394 So.2d at 1103 (finding that the defendant waived his right to arbitration by filing a motion for summary judgment)). However, in Concrete Design Structures, Inc. v. P.L. Dodge Foundation, Inc., 532 So.2d 1334, 1334-35 (Fla. 3d DCA 1988), this court held that filing a counterclaim and motion to dismiss simultaneously with a motion to compel arbitration, without more, does not waive the contractual right to arbitrate. Cf. Coral 97 Assocs., Ltd. v. Chino Elec., Inc., 501 So.2d 69 (Fla. 3d DCA 1987) (finding that the act of implementing discovery, following the simultaneous filings of a counterclaim and motions to arbitrate, waived the right to arbitration). As in Concrete, here, the defendants filed counterclaims simultaneously with requests to stay proceedings and compel arbitration, and have not taken any other actions to pursue judicial resolution of this case. Cf. Hough v. JKP Dev., Inc., 654 So.2d 1241, 1242 (Fla. 3d DCA 1995) (finding that contractor waived its arbitration rights by filing a complaint without simultaneously requesting a stay and an order compelling arbitration); Bonner *1101 v. RCC Assocs., Inc., 679 So.2d 794, 795 (Fla. 3d DCA 1996) (finding that the contractor waived its arbitration rights by filing a complaint and seeking judicial resolution of the dispute, without simultaneously requesting a stay and an order compelling arbitration). Thus, we conclude that the defendants did not waive their contractual arbitration rights by simultaneously filing counterclaims and motions to stay litigation and compel arbitration.

Conclusion
We find that in the instant case (1) all of the defendants may compel the plaintiffs to arbitration, (2) all of the plaintiffs' and defendants' claims are arbitrable, and (3) the defendants did not waive their contractual arbitration rights by simultaneously filing counterclaims with requests to stay litigation and compel arbitration.
For the foregoing reasons, we reverse the portion of the trial court's order denying arbitration and the cause is remanded to the trial court with directions to grant the defendants' motions to stay litigation and compel arbitration.
Reversed and remanded.
NOTES
[1] The arbitration provision in the Construction Contract states in relevant part, "[a]ll claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents or the breach thereof, shall be decided by arbitration.... Except by written consent of the person or entity sought to be joined, no arbitration ... shall include ... any person or entity not a party to the Agreement ... unless it is shown that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration...."
[2] The arbitration provision in the JV Agreement states "[t]he Parties to agreement agree that in the case of litigation, the parties agree to an arbitration process, to try to resolve any [and] all disputes."
[3] Based on this court's decision in Zager Plumbing, Inc. v. JPI National Construction, Inc., 785 So.2d 660, 662 (Fla. 3d DCA 2001), the trial court properly granted Waterhouse's motion to stay litigation pending arbitration solely for its counter-claim to foreclose on the construction lien on the subject property.
[4] The appellees argue that the arbitration provision in the JV Agreement is ambiguous and, therefore, cannot be used to compel the parties to binding arbitration. We find that a plain reading of the terms of the provision demonstrate that the parties intended to provide for arbitration.
[5] The plaintiffs allege, under count I of the complaint for breach of the JV Agreement, that Waterhouse, Zosman, and DeLeon breached the JV agreement by fraudulently executing the Release/Waiver of Liens.
[6] Clearly, the defendants' breach of contract counterclaims are arbitrable as they arise directly from the respective contracts.