960 So.2d 891 (2007)
ABEL HOMES AT NARANJA VILLAS, LLC, Appellant,
v.
Anselmo HERNANDEZ and Juaquin Lloveras, Appellees.
No. 3D07-728.
District Court of Appeal of Florida, Third District.
July 18, 2007.
*892 Hermelee & Geffin, and Alan G. Geffin, Miami, and Christopher Perez-Gurri, for appellant.
Billbrough & Marks, P.A., and Geoffrey B. Marks, Coral Gables; Quintana and Associates, P.A., and J. Luis Quintana; and Gonzalo R. Dorta, Miami, for appellees.
Before GERSTEN, C.J., and ROTHENBERG, J., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
The defendant, Abel Homes at Naranja Villas, LLC ("Developer"), appeals a non-final order of the trial court denying its *893 motion to stay the proceedings and compel arbitration, arguing that pursuant to the parties' agreements, it is entitled to elect arbitration of the claims asserted against it by the plaintiffs, Anselmo Hernandez and Juaquin Lloveras ("Purchasers"). Because we find that the Developer failed to elect arbitration within the time specified under the clear and unambiguous language of the arbitration provision, we affirm.
The facts pertaining to the issue on appeal are as follows. The parties entered into two identical real estate purchase agreements for the purchase of two condominium units to be built by the Developer ("Agreements"). Pursuant to the terms of the Agreements, the Purchasers placed in escrow with the Developer's escrow agent deposits in the amount of $19,390.00 for each respective unit. Section 29 of the Agreements contains an arbitration provision, which specifies that:
Purchaser agrees to as follows: Prior to commencing any legal proceeding against [Developer], or any of [Developer's] affiliates, Purchaser shall give [Developer] twenty (20) days written notice of its claim. If [Developer] elects to have Purchaser's claim submitted to Arbitration, then Purchaser shall be first obligated to have his or her claim process through Arbitration proceedings pursuant to the rules of the American Arbitration Association. If [Developer] elects not to submit Purchaser's claim to Arbitration, then Purchaser may proceed by Legal process against [Developer].
On or about November 13, 2006, when the construction of the units had not been completed as contemplated by the parties' Agreements, the Purchasers, through their counsel and pursuant to the above arbitration provision, notified the Developer of their intent to commence litigation if the Developer did not return to them their escrow deposits. When the Developer failed to respond or to refund the Purchasers' deposits, the Purchasers filed an eight count complaint on December 6, 2006 against the Developer. After requesting an extension of time to respond and prior to filing an answer, the Developer filed a motion to stay the proceedings and to compel arbitration based on the above arbitration provision, which the trial court denied. The Developer appeals the trial court's non-final order denying its motion to stay and to compel arbitration.
We review an order denying a motion to compel arbitration de novo. Waterhouse Constr. Group, Inc. v. 5891 SW 64th St., LLC, 949 So.2d 1095, 1097 (Fla. 3d DCA 2007); Hillier Group, Inc. v. Torcon, Inc., 932 So.2d 449, 452 (Fla. 2d DCA 2006). Under both the Florida Arbitration Code and the parallel federal statutory provisions, "there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Waterhouse Constr., 949 So.2d at 1097-98. The issue we must resolve is whether the failure of the Developer to elect to have the Purchasers' claims submitted within the twenty days specified in Section 29 of the Agreements constitutes a waiver.
Since "arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation." Seifert, 750 So.2d at 636. "[T]he interpretation of contract provisions is a question of law for the courts where the language is clear, unambiguous and susceptible [to] only one interpretation." Turner Constr. Co. v. Cent. Fla. Equip. Rental, Inc., 904 So.2d 474, 475 (Fla. 3d *894 DCA 2005)(Green, J. specially concurring); see also Gray v. D & J Indus., Inc., 875 So.2d 683, 683 (Fla. 3d DCA 2004)("The construction of a contract is a question of law for the courts to determine where the language used in the written contract is clear, unambiguous, and susceptible of only one interpretation."). Where contractual provisions are clear and unambiguous, the court must give those terms their plain and ordinary meaning. See Pol v. Pol, 705 So.2d 51, 53 (Fla. 3d DCA 1997)(concluding that where a contract provision is unambiguous, a court cannot re-write the terms thereof and the plain meaning of the parties' contractual language controls). Based on our de novo review of the contractual arbitration provision in this case, we conclude that the Developer waived its right to arbitration by failing to timely serve a demand for arbitration within the twenty-day time limit specified in the Agreements.
In reaching this conclusion, we recognize that all doubts concerning the scope or waiver of the right to arbitrate under contracts are to be resolved in favor of arbitration. See Waterhouse Constr., 949 So.2d at 1099; Citigroup, Inc. v. Boles, 914 So.2d 23, 25 (Fla. 4th DCA 2005). However, this principle applies only where the contractual provision is ambiguous or uncertain, Boles, 914 So.2d at 25, and "where the contract provision is not doubtful, arbitration should not be ordered." Ocwen Fed. Bank FSB v. LVWD, Ltd., 766 So.2d 248, 249 (Fla. 4th DCA 2000).
In the instant case, the terms of the arbitration provision provide that prior to even commencing legal action against the Developer, the Purchasers were required to give the Developer twenty days' notice of their claims. If the Developer elected to have the matter processed through arbitration, the Purchasers were required to arbitrate their claims. Thus, whether or not to resolve the Purchasers' claims through arbitration process rested, pursuant to the Agreements which were drafted by the Developer, with the Developer. It is only after notice to the Developer and the expiration of the twenty-day waiting period without either a successful resolution of its claims or a demand for arbitration by the Developer, that the Purchasers were contractually permitted to proceed with legal action against the Developer. It is undisputed that the Purchasers gave the Developer the requisite notice; the Developer failed to elect arbitration within the time provided pursuant to the arbitration provision in the Agreements; and the Purchasers, having heard nothing from the Developer, filed their claims in the circuit court.
The Developer argues that its obligation to elect arbitration pursuant to the Agreements, was open-ended. We disagree as we conclude that the terms of the arbitration provision are clear and unambiguous, and to conclude otherwise would render the twenty-day notice requirement meaningless.
The Developer further argues that even if it was required to elect arbitration within a specific period of time, the trial court erred in deciding the issue, as the issue of timeliness of a demand for arbitration is a question of fact for the arbitrator to decide, not the trial court. While we acknowledge that "in general, issues of timeliness are to be decided by the arbitrator," O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd., 944 So.2d 181, 186 (Fla.2006), where, as here, the arbitration provision provides for a specific time period in which to make a demand for arbitration, the trial court was not required to submit the matter to an arbitrator for resolution. We, therefore, distinguish an arbitration provision which specifies the time provided to make a demand *895 for arbitration, and those which simply provide that the demand be made "within a reasonable time." See Seaboard Sur. Co. v. Cates, 604 So.2d 570, 571 (Fla. 3d DCA 1992)(holding that where the contract provision required that the defendant demand arbitration within thirty days after the plaintiff made an application for final payment, there was no issue of fact as to the timeliness of the demand for the arbitrator to decide and it was proper for the trial court to decide this issue); see also Hardin Int'l, Inc. v. Firepak, Inc., 567 So.2d 1019, 1021 (Fla. 3d DCA 1990)(holding that where the timeliness issue arose out of the passage of time between the initiation of the litigation and the three-year delay in demanding arbitration, the issue was one for the trial court to decide, not the arbitrator).
We need not address the other arguments raised on appeal, as our finding that the Developer did not timely elect to arbitrate is dispositive.
Affirmed.