# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1694
Lower Tribunal No. 18-31014
_____

**Raymond Erb,**
Appellant,

vs.

**Chubb National Insurance Company, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Perry & Neblett, P.A., and David Avellar Neblett, James M. Mahaffey, III and John A. Wynn, for appellant.

Brown Sims, P.C., and Marlin K. Green and Cody L. Frank, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

BOKOR, J.

Raymond Erb appeals a final order compelling arbitration with his insurer pursuant to an arbitration clause contained in the insurance contract. He alleges that the trial court erred by enforcing the arbitration provision despite the insurer failing to timely demand arbitration within the time specified by contract. Because requiring arbitration in this context conflicts with the intent of the parties, as expressed through the plain language of the agreement, we reverse.[1]

Generally, a party may demand arbitration where: (1) a valid written agreement to arbitrate exists, (2) an arbitrable issue exists, and (3) the right to arbitration has not been waived. Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, 593 (Fla. 2013). As the former two factors are not in dispute on this appeal, we address only Erb's argument that the insurer waived its right to arbitrate by failing to timely invoke the arbitration provision.

The agreement here provides that "[t]he request for arbitration **must** be filed within one (1) year of the date of loss or damage." (emphasis added). Chubb concedes that it did not request arbitration within one year of the underlying accident. However, Chubb also argues that because the

---

[1] We review de novo an order interpreting a contract provision. See, e.g., Castro v. Mercantil Commercebank, N.A., 305 So. 3d 623, 625 (Fla. 3d DCA 2020); see also Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014) (reviewing motion to dismiss under de novo standard of review).

2

agreement provides that "[a]ny controversy or claim . . . arising out of or related to this policy . . . shall be referred to and settled by arbitration," the agreement does not expressly allow any form of dispute resolution *other* than arbitration, so Chubb's failure to comply with the time limitation had no impact on arbitrability.

In Abel Homes at Naranja Villas, LLC v. Hernandez, 960 So. 2d 891 (Fla. 3d DCA 2007), this court evaluated an arbitration provision allowing the developer, Abel Homes, to elect arbitration within 20 days of receiving notice of a claim, but providing that a purchaser could then proceed with other legal processes if the developer did not elect to arbitrate. Id. at 893. Under that contractual provision, we held that "the Developer waived its right to arbitration by failing to timely serve a demand for arbitration within the twenty-day time limit specified in the Agreements." Id. at 894.

Because arbitration provisions are contractual in nature and governed by principles of contract interpretation, "the determination of whether an arbitration clause requires arbitration of a particular dispute necessarily rests on the intent of the parties," and "[a] natural corollary of this rule is that no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (quotations and citations omitted). The intent of the parties

to a contract is primarily discerned from the plain meaning of the contractual language, considered in context.  See, e.g., Gulliver Schs., Inc. v. Snay, 137 So. 3d 1045, 1047 (Fla. 3d DCA 2014).  "Where contractual provisions are clear and unambiguous, the court must give those terms their plain and ordinary meaning."  Abel Homes, 960 So. 2d at 894.  Further, when construing a contract with two possibly conflicting provisions, we endeavor to reconcile the provisions and give a "reasonable, lawful and effective meaning" to all terms.  See Nabbie v. Orlando Outlet Owner, LLC, 237 So. 3d 463, 466 (Fla. 5th DCA 2018) (internal quotations and citations omitted); see also City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000) ("[W]e rely upon the rule of construction requiring courts to read provisions of a contract harmoniously in order to give effect to all portions thereof.").

Here, the trial court's interpretation fails to harmonize the two sentences of the same contractual provision.  The better reading, indeed, the only reading that gives effect to both relevant portions, requires arbitration of any conflict between the parties, but only if invoked by the insurer within one year from the date of loss.  Accordingly, based on the failure to invoke arbitration within such time as required by contract, the trial court erred in compelling arbitration.

Reversed.