**HYUNDAI AMERICA, INC; Hyundai Electronics America, Inc,; and Hyundai Semiconductor America, Inc., Petitioners,**

v.

**MEISSNER & WURST GMBH & CO.–U.S. OPERATIONS, INC.; and Meissner + Wurst, U.S. Operations, Inc., Respondents.**

No. C–98–20835 JF (EAI).

United States District Court, N.D. California, San Jose Division.

Nov. 6, 1998.

Scott Kaplan of Stoel Rives Boley Jones & Grey, Portland, OR, Donald Gagliardi of Bergeson Eliopoulos Grady & Gray—San Jose, CA, for Petitioners.

Diane D. Papan, Jamel P. Diwik, of Sedgwick Detert Moran & Arnold, San Francisco, CA, for Respondents.

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

FOGEL, District Judge.

Respondents Meissner & Wurst GmbH & Co.—U.S. Operations, Inc., and Meissner + Wurst, U.S. Operations, Inc.'s (collectively "M + W" or "Respondents") motion to dismiss or, alternatively, for summary judgment came before the Court on October 13, 1998. The Court took the motion under submission for decision on the basis of the papers filed by the parties pursuant to Civil Local Rule 7–1(b). The Court has read the moving and responding papers and considered the applicable law. For the reasons set forth below, the motion to dismiss is granted.

### I. BACKGROUND

This action arises out of a petition to consolidate two separate interstate arbitration proceedings. The relevant underlying facts are not in dispute.

On July 27, 1995, Petitioner Hyundai Electronics America and Respondents M + W entered into a Professional Services Agreement (the "Design Agreement") by which M + W was to engineer and design a silicon wafer fabrication facility (the "fab") in Eugene, Oregon. The parties expressly agreed that any disputes arising from the Design Agreement were to be arbitrated in San Francisco, California, according to California law.

Thereafter, on March 21, 1996, Petitioner Hyundai America, Inc. and Respondents M + W entered into a second agreement, the Construction Contract, by which M + W agreed to assume responsibility for the construction, commissioning, and start-up of the fab. The Construction Contract specifies that any disputes arising under its provisions are to be arbitrated in Eugene, Oregon, according to Oregon law and the applicable laws of the United States.

Since the parties entered into these contracts, disputes have arisen related to the timeliness, quality, and cost of M + W's per-

formance under both agreements. On April 24, 1998, Petitioners initiated arbitration proceedings under both contracts and contemporaneously requested consolidation before a single arbitration panel. M+W objected. The American Arbitration Association, the entity charged with administering the arbitration proceedings, declined the request for consolidation, claiming that it had no authority to consolidate the proceedings in light of M+W's objection and the absence of a specific contractual provision calling for such action. Petitioners then filed a Petition for Consolidation of Separate Arbitration Proceedings (the "Petition") with this Court requesting that the Court order consolidated proceedings pursuant to California Code of Civil Procedure § 1281.3.

M+W now moves to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment essentially on the grounds that the express terms of the arbitration contracts require two separate arbitration proceedings and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq., which governs the Construction Contract, precludes consolidation in the absence of a contractual provision authorizing such action.[1]

## II. LEGAL STANDARD

The issue to be decided on a motion to dismiss is whether the moving party has shown beyond a doubt that the opposing party can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir.1984)(citing 2A J.

Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed.1982)). In determining a motion to dismiss, all allegations of the complaint should be construed in the opposing party's favor. Sun Savings & Loan Assoc. v. Dierdorff, 825 F.2d 187, 191 (9th Cir.1987). Moreover, to dismiss, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir.1987). Therefore, motions to dismiss generally are viewed with disfavor under this liberal standard. Intake Water Co. v. Yellowstone River Compact Commission, 590 F.Supp. 293, 296 (D.C.Mont.1983), aff'd, 769 F.2d 568 (9th Cir. 1985), cert. denied, 476 U.S. 1163, 106 S.Ct. 2288, 90 L.Ed.2d 729 (1986).

## III. DISCUSSION

Despite the parties' differing formulations of the issue, the central question before the Court is whether this Court can compel consolidation of separate interstate arbitration proceedings under California Code of Civil Procedure § 1281.3 as requested by Petitioners.[2] M+W contends that the express venue and choice of law provisions of the arbitration agreements unambiguously require two separate proceedings. M+W emphasizes that two distinct Hyundai entities agreed to fundamentally different dispute resolution provisions and that, in the absence of some underlying defense to the validity of the contracts, unambiguous contracts must be enforced according to their terms.

"Arbitration is a creature of contract." Scherk v. Alberto–Culver Co., 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). General state law principles of contract interpretation apply to the interpretation of arbitration clauses. Intel Corp. v. Advanced Mi-

---

1. On October 9, 1998, M+W/Marshall, Joint Venture filed an Application for Leave to File an Amicus Brief in Support of Respondent's Motion to Dismiss. In light of the Court's decision to grant the motion to dismiss, the application is denied as moot. Similarly, the ex parte application of Glenn H. Haese to appear as counsel pro hac vice is denied as moot.

2. The statute provides in pertinent part:
   A party to an arbitration agreement may petition the court to consolidate separate arbitration proceedings and the court may order consolidation of separate arbitration proceedings when:

   (1) Separate arbitration agreements or proceedings exist between the same parties; ...and

   (2) The disputes arise from the same transactions or series of related transactions; and

   (3) There is common issue or issues of law or fact creating the possibility of conflicting rulings by more than one arbitrator or panel of arbitrators...Cal.Civ.Proc.Code § 1281.3.

*cro Devices,* 12 F.3d 908, 914 (9th Cir.1993). One such well-established principle mandates that unambiguous contracts be enforced according to their terms. *See Botefur v. City of Eagle Point, Oregon,* 7 F.3d 152 (9th Cir.1993).

Here, the parties clearly agreed to two different arbitration provisions and Petitioners concede that the latter Construction Contract does not supersede the Design Agreement. Petitioners do not challenge the validity of the underlying arbitration clauses in general or the reasonableness of the specific venue provisions. Petitioners cannot now seek to avoid the terms of separately negotiated unambiguous contracts and rewrite them under the authority of California state arbitration procedures contained in California Code of Civil Procedure § 1281.3.

While the Court concludes that this matter properly may be decided purely on contract law principles, M+W's arguments regarding the impact of the Federal Arbitration Act ("FAA") on the instant matter strengthen M+W's position even further. The FAA applies to contracts involving foreign or interstate commerce. 9 U.S.C. §§ 1, 2. The parties agree that the Construction Contract, which involves interstate subcontractors and goods, is subject to the FAA. Section 4 of the FAA provides that, when petitioned, district courts, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue,...shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Relying on this language, M+W emphasizes that neither agreement at issue contains a consolidation provision and that allowing Petitioners' invocation of California Code of Civil Procedure § 1281.3 to consolidate the proceedings would run contrary to the principal goal of the FAA which is to enforce agreements into which the parties have entered.

A split of authority exists as to whether district courts have the power to compel consolidation of arbitration proceedings

brought under the FAA where the agreements to arbitrate are embodied in separate contracts and neither of the separate contracts provides for consolidated arbitration. However, the Ninth Circuit has refused to compel consolidated arbitration under these circumstances. *Weyerhaeuser Co. v. Western Seas Shipping Co.,* 743 F.2d 635 (9th Cir.1984).

Petitioners' attempt to distinguish the line of authority presented by M+W on the grounds that none of the cases invoked a procedural state arbitration statute is unavailing, and their reliance on *Volt Information Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) is misplaced. The *Volt* Court held that the FAA did not pre-empt the California Arbitration Act's provision allowing a court to stay arbitration pending resolution of related litigation where the parties had agreed that their arbitration agreement would be governed by California law. *Id.* 489 U.S. at 470, 109 S.Ct. 1248. *Volt* did not involve separate interstate arbitration agreements with conflicting choice of law and venue provisions or the issue of compelled consolidation, and pre-emption is not at issue in this case. All of the authorities cited by Petitioners for the proposition that compelled consolidation is proper involved separate arbitration agreements both subject to the law of the same state. Such obviously is not the case here.[3]

▆▆▆ The overriding principle is clear. Under traditional principles of contract interpretation as well as Section 4 of the FAA, unambiguous contracts are enforced according to their terms. Courts interpret contracts as made by the parties and do not make new ones for them. *Quad Construction, Inc. v. Wm. A. Smith Contracting Co., Inc.,* 534 F.2d 1391, 1394 (10th Cir.1976). In the instant matter, Petitioners ask this Court to ignore the express provisions of the arbitration agreements and order a single proceeding. However, despite the fact that con-

---

**3.** Petitioners assert that there are no material differences between California and Oregon law with respect to the underlying disputes between the parties. While this Court is in no position to evaluate such a broad assertion, the Court's anal-

ysis of the instant motion is unaffected. Courts cannot be expected to speculate as to why parties to an unambiguous agreement entered into particular choice of law or venue provisions; it must be presumed that they had a reason for doing so.

solidated arbitration proceedings might be more economical and convenient, Petitioners cannot now invoke California Code of Civil Procedure § 1281.3 to create in effect a new contract that they did not make initially.

## IV. ORDER

Accordingly, the Court orders that M + W's motion to dismiss is GRANTED, and the Petition for Consolidation of Separate Arbitration Proceedings is, therefore, DISMISSED WITH PREJUDICE. Respondents' alternative motion for summary judgment is moot.