904 So.2d 474 (2005)
TURNER CONSTRUCTION COMPANY and Austin-Commercial, Inc. d/b/a Turner-Austin Airport Team, Appellants,
v.
CENTRAL FLORIDA EQUIPMENT RENTAL, INC., Appellee.
No. 3D04-2908.
District Court of Appeal of Florida, Third District.
May 4, 2005.
Rehearing and Rehearing Denied July 11, 2005.
Pecker & Abramson and Adam P. Handfinger and Neal I. Sklar, Miami, for appellant.
Elder, Vaccarella & Lewis, P.A., and David R. Elder, Miami, and Jordan M. Keusch, for appellee.
Before COPE, GREEN and WELLS, JJ.
Rehearing and Rehearing En Banc Denied July 11, 2005.
PER CURIAM.
This is an appeal from the denial of an emergency motion for temporary injunctive relief and motion to stay arbitration. The arbitration clause in the present case is identical to that which was analyzed in Turner Construction Co. v. Advanced Roofing, Inc., No. 3D04-3106, 904 So.2d 466, 2005 WL 1027077 (Fla. 3d DCA, 2005). We affirm on authority of that decision.
Affirmed.
COPE and WELLS, JJ., concur.
GREEN, J. (specially concurring).
The doctrine of stare decisis compels me to join in the affirmance of the order denying the appellant's Verified Complaint for Temporary Injunctive Relief and Motion to Stay Arbitration based upon this court's earlier decision in Turner Construction Co. v. Advanced Roofing, Inc., No. 3D04-3106, 904 So.2d 466, 2005 WL 1027077 (Fla. 3d DCA, 2005). If I were writing on a clean slate on this issue, however, I would reverse the order under review. I believe that Turner Construction was incorrectly decided because it misconstrues the issue presented.
The contract involved in this appeal is identical to the contract involved in Turner Construction. For purposes of clarity in this case, however, I will set out the context of the contracts at issue.
American Airlines contracted with appellants Turner Construction Co. and Austin Commercial, Inc., d/b/a Turner-Austin Airport Team [collectively "Turner"], to *475 serve as the construction manager on its Miami International Airport North Terminal Development Program. They executed a "Construction Management Agreement" ("CMA"). Turner subcontracted with appellee, Central Florida Equipment Rental, Inc. ("Central Florida Equipment"), for site and utilities work on the project. This was formalized in their "Contract Agreement."
At the heart of this case is paragraph 21 of the Contract Agreement between Turner and Central Florida Equipment.
Paragraph 21 provides:
21. Arbitration:
A. Any controversy or claim arising out of or relating to this Agreement of the breach thereof shall be subject to the dispute resolution procedures, if any, set out in the [CMA]. Should the [CMA] contain no specific requirement for the resolution of disputes, any such controversy or claim shall be resolved, by arbitration....
The CMA does contain a provision for dispute resolution. Paragraph 35 of the CMA states:
35. Dispute Resolution
35.1 ... Any action or proceeding against the Construction Manager under or in connection with this Agreement or any of the Contract Documents may be brought in any state or federal court in Tarrant County, Texas.
Notwithstanding the CMA's dispute resolution provision, Central Florida Equipment commenced arbitration proceedings against Turner for non-payment of amounts due. Turner filed an emergency motion for temporary injunctive relief and motion to stay the arbitration. Turner asserted, among other things, that paragraph 35 of the CMA clearly evidenced an intention on the part of the parties to resolve their disputes in court rather than by arbitration. The trial court, however, denied Turner's motion. Turner appealed.
On this appeal, the parties dispute the effect of the CMA's paragraph 35 dispute resolution provision. Turner asserts that it is a specific dispute resolution provision, trumping the arbitration alternative in the Contract Agreement. Central Florida Equipment tacitly acknowledges that the CMA contains a dispute resolution clause. However, Central Florida Equipment argues that because the dispute resolution provision is permissive in nature, this provision does not qualify as a specific dispute resolution requirement. Hence, Central Florida Equipment argues that the arbitration provision in the Contract Agreement prevails.
In my opinion, Central Florida Equipment's argument is simply wrong. The sole issue presented in this case is whether the arbitration clause has been triggered by virtue of the absence of a dispute resolution provision. The issue of whether paragraph 35 of the CMA requires litigation of the parties' disputes in a Texas state or federal court is a separate question from the one presented here. In my opinion, the Turner Construction Co. panel went astray in its reasoning when it commingled these two issues.
To begin with, as Turner Construction Co. correctly points out, the interpretation of contract provisions is a question of law for the courts where the language is clear, unambiguous and susceptible of only one interpretation.[1]Turner Constr. Co., at 468-69; Gray v. D & J Indust., 875 So.2d 683 (Fla. 3d DCA 2004). See also Peacock *476 Constr. Co. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla.1977); Dixie Farms v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977). In cases such as the one before us, where the language in the contract is unambiguous, the language must be given its ordinary meaning. Marx v. Clear Channel Broad., Inc., 887 So.2d 405 (Fla. 4th DCA 2004); Iniguez v. American Hotel Register Co., 820 So.2d 953 (Fla. 3d DCA 2002); Beans v. Chohonis, 740 So.2d 65 (Fla. 3 DCA 1999). Applying these axioms of contract construction to the clauses at issue here, however, leads to the conclusion that the trial court erred in denying the motion to stay arbitration; Central Florida Equipment's resort to arbitration was improper.
Paragraph 21 in the Contract Agreement simply provides that a "controversy or claim arising out of or relating to this Agreement or the breach thereof shall be subject to the dispute resolution procedures, if any, set out in the [CMA.]" This language is clear, and unambiguous. It merely requires the contracting parties to look to the CMA to see whether it specifies any procedures for resolving their disputes. It does.
CMA paragraph 35.1 provides that proceedings against Turner "may be brought in any state or federal court in Tarrant County, Texas." This is a directive that disputes be resolved in either a state or federal court. Paragraph 21 of the Contract Agreement made this CMA dispute resolution clause binding on the parties. There is no ambiguity in these provisions. There is no need to resort to any construction to ascertain the plain meaning of this language. Since there clearly is a dispute resolution in the CMA, the trial court's inquiry should have ended there. The arbitration provision in the Contract Agreement was not triggered.
This result is not altered by the fact that the CMA dispute resolution provision also contains venue selection language. Nor is it affected by the fact that this language may be permissive in nature. This does not vitiate its nature or character as a dispute resolution clause.
"[A] dispute resolution clause will control a contract claim in that the power to contract implies the power to agree to a determined method of dispute resolution." 11 Fla. Jur.2d Contracts § 126 (1997). Numerous courts have recognized a venue selection clause to be a dispute resolution clause between the parties to an agreement. See Hyundai America, Inc. v. Meissner & Wurst GMBH & Co.-U.S. Operations, Inc., 26 F.Supp.2d 1217 (N.D.Cal.1998)(venue and choice of law provisions treated as dispute resolution provisions); Flender Corp. v. Tippins Int'l, Inc., 830 A.2d 1279 (Pa. Super.2003)(clause requiring venue in Illinois courts treated as dispute resolution clause); Sterling Forest Assoc., Ltd. v. Barnett-Range Corp., 673 F.Supp. 1394(E.D. N. Car.1987)(effect of forum selection clause is to establish forum for dispute resolution). See also Procedo Gesellschaft Fur Exportfactoring, D. Klindworth MBH v. Juli-and Holding of Fla., Inc., 691 So.2d 1143 (Fla. 3d DCA 1997)(forum selection clause provides for resolving disputes in Germany). CMA paragraph 35. 1 directs the parties to litigate in state and federal courts as the method of resolving their disputes.
Additionally, it is insignificant that CMA paragraph 35. 1 may contain a permissive, rather than a mandatory, venue selection clause. Whether the venue clause is permissive or mandatory, it is still a venue clause dictating that the parties litigate their disputes in a state or federal court. The appropriate geographical location of *477 the court in which they can ultimately litigate their dispute is simply irrelevant to the issue before us at this time.[2] Only if and when one of the parties files suit in a Texas state or federal court over the objection of the other party will the permissive or mandatory nature of this venue clause be at issue.
Paragraph 21 in the Contract Agreement does not provide that only a mandatory venue provision in the CMA will govern the parties. It merely requires that the parties look to the CMA for a method of dispute resolution. The CMA unequivocally states that the parties will resort to litigation in a Texas state or federal court. Whether the parties have to litigate in Texas courts is not the issue at this time. The clause binds the parties to litigate  resolve their disputes through court action. The language is clear and unambiguous. Litigation is not arbitration. The arbitration provision in paragraph 21 was not triggered.
In summation, the issue in this appeal, as well as the issue on appeal in Turner Construction Co. is simply whether the CMA contained a dispute resolution clause. The Turner Construction Co. opinion correctly found that the CMA did have such a clause. Turner Constr. Co., at 469. Having made this finding, the analysis should have ended there because the arbitration provision was not triggered. However, the Turner Construction Co. opinion went astray because it went on to consider the additional issue whether the venue clause in the dispute resolution provision was mandatory or permissive. That consideration was wholly irrelevant to the issue in these appeal and, unfortunately, led this court to erroneously conclude that these actions are subject to arbitration.
NOTES
[1] This court reviews the trial court's interpretations of contracts de novo. Gray, 875 So.2d at 683.
[2] For this reason, Turner Construction Co.'s reliance on decisions such as Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc., 894 So.2d 288 (Fla. 3d DCA 2005), was misplaced. Turner Constr. Co., at 469.