904 So.2d 466 (2005)
TURNER CONSTRUCTION COMPANY, et al., Appellants,
v.
ADVANCED ROOFING, INC., Appellee.
No. 3D04-3106.
District Court of Appeal of Florida, Third District.
May 4, 2005.
Rehearing and Rehearing Denied July 11, 2005.
*467 Peckar & Abramson and Adam P. Handfinger, Miami, for appellants.
Elder, Vaccarella & Lewis, David R. Elder and Jordan M. Keusch, Miami, for appellee.
Before COPE, CORTIÑAS, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied July 11, 2005.
ROTHENBERG, Judge.
The appellants, Turner Construction Company and Austin-Commercial, Inc. d/b/a Turner-Austin Airport Team (collectively Turner) appeal from a non-final order denying their Verified Complaint for Temporary Injunctive Relief and Motion to Stay Arbitration. We affirm.
In 1995, Miami-Dade County and American Airlines entered into a "Lease, Construction and Financing Agreement" (Lease Agreement), setting forth the terms for the improvement of portions of the terminal building at the Miami International Airport. Article III, section 4 of the Lease Agreement, entitled "Civil Actions," specifies that the venue shall be in Miami-Dade County, Florida, and that "any action to determine the rights or obligations of the parties hereto shall be brought in the courts of the State of Florida."
In March of 2001, American Airlines and Turner entered into a "Construction Management Agreement" for the renovation and expansion of a portion of the terminal building, designating Turner as the construction manager of the project, known as the North Terminal Development Program (Program). Pursuant to the Construction Management Agreement, Turner was required to manage the services of the various contractors, assist in the scheduling of the construction and delivery of all components of the Program, and to coordinate scheduling with the Program manager. Section 35.1 of the Construction Management Agreement provides that the agreement shall be governed by the laws of Texas, and that any action against the Construction Manager in connection with the agreement "or any of the Contract Documents," may be brought in state or federal court in Tarrant County, Texas. However, if the agreement is assigned to Miami-Dade County, then the agreement *468 shall be governed by the laws of Florida, and may be brought in any state court in Miami-Dade County, Florida.
In March of 2002, Turner entered into a "Contract Agreement" with Advanced Roofing, Inc. (Advanced) for roofing work on the Program. Paragraph 21 of the Contract Agreement provides that any claims or disputes relating to the agreement shall be subject to the dispute resolution procedures set out in the "Prime Contract," if any exist. The "Prime Contract" is defined as the Construction Management Agreement executed in 2001. If the Prime Contract contains no specific requirement for the resolution of disputes, then the dispute shall be resolved by arbitration. Exhibit P of the Contract Agreement, entitled "Additional Terms and Conditions," provides "that this Agreement is subject and subordinate to the Lease, Construction and Financing Agreement." Exhibit P also provides that the "Additional Terms and Conditions" control if there is a conflict between them and the terms and conditions of any other portion of the contract.
After a dispute regarding payment arose between the parties, Advanced filed a Demand for Arbitration with the American Arbitration Association. Turner then filed a Verified Complaint and Emergency Motion for Temporary Injunctive Relief and Motion to Stay Arbitration in the trial court, seeking to prevent the arbitration demanded by Advanced. After a hearing, the trial court denied Turner's request for an injunction and stay.
On appeal, Turner argues that the Construction Management Agreement contains a specific requirement for the resolution of disputes, thereby rendering the arbitration provision of the Contract Agreement between Turner and Advanced inapplicable. Additionally, Turner argues that the Lease Agreement, which controls pursuant to the "Additional Terms and Conditions" of Exhibit P, requires the dispute to be resolved in a Florida court. In response, Advanced argues that the Construction Management Agreement does not contain a specific requirement for the resolution of disputes, as it provides only that a dispute "may" be brought in Texas. Advanced also argues that the Lease Agreement between American Airlines and Miami-Dade County does not override the arbitration provision, as it applies only to "the parties hereto," meaning American Airlines and the County.
The standard of review applicable to a trial court's construction of an arbitration provision is de novo. Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 283 (Fla. 1st DCA 2003). In construing the Contract Agreement between Turner and Advanced, and the other contracts at issue, we are guided by the clear language of the contracts themselves. See V & M Erectors, Inc. v. Middlesex Corporation, 867 So.2d 1252 (Fla. 4th DCA 2004).
Paragraph 21 of the Contract Agreement states that:
Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be subject to the dispute resolution procedures, if any, set out in the Prime Contract [the Construction Management Agreement]. Should the Prime Contract contain no specific requirement for the resolution of disputes, any such controversy or claim shall be resolved, by arbitration....
It is clear from these terms that the arbitration requirement would not apply if the Construction Management Agreement contains a specific requirement for the resolution of disputes. Section 35.1 of the Construction Management Agreement provides that Texas law governs the agreement, and that any action may be *469 brought in Tarrant County, Texas, but that if the agreement is assigned to Miami-Dade County, then the laws of Florida govern the agreement, and any disputes may be brought in Miami-Dade County, Florida.[1] As section 35.1 lacks any mandatory language or words of exclusivity to show that venue is proper only in the named forums, it is a permissive, rather than a mandatory, venue clause. See Regal Kitchens, Inc. v. O'Connor Taylor Condominium Constr., Inc., 894 So.2d 288 (Fla. 3d DCA 2005). It constitutes nothing more than a consent to jurisdiction and venue in the named forums and does not exclude jurisdiction or venue in any other forum. Id. Accordingly, under the clear terms of the Construction Management Agreement, if the agreement is not assigned to Miami-Dade County, then Texas law applies, but a lawsuit on the agreement can be brought in any proper forum. Similarly, if the agreement is assigned to Miami-Dade County, then Florida law applies, but a lawsuit can be brought in any proper forum. As the Construction Management Agreement does not mandate that jurisdiction and venue are proper only in the named forums, it does not contain a specific requirement for the resolution of disputes. As such, paragraph 21 of the Contract Agreement between Turner and Advanced requires the arbitration of this dispute.
Turner, however, argues that the Lease Agreement between Miami-Dade County and American Airlines controls over the Contract Agreement between Turner and Advanced, and requires resolution of this dispute in a court in Miami-Dade County, Florida. Turner is correct that one of the "Additional Terms and Conditions" of the Contract Agreement is that the agreement is subject and subordinate to the Lease Agreement between Miami-Dade County and American Airlines. However, article III, section 4 of the Lease Agreement, which provides that "any action to determine the rights or obligations of the parties hereto shall be brought in the courts of the State of Florida," applies only to disputes between Miami-Dade County and American Airlines, the parties to the agreement, not to disputes between the construction manager and a contractor. (emphasis added)
Turner, citing Koechli v. BIP Intern., Inc., 870 So.2d 940 (Fla. 1st DCA 2004), argues that the inclusion of the phrase "the parties hereto" in this section does not exclude Turner and Advanced, because they received rights and accepted obligations under the Lease Agreement. In Koechli, the First District Court of Appeal noted that "a non-signatory to a contract containing an arbitration agreement ordinarily cannot compel a signatory to submit to arbitration." Id. at 943. However, the Court determined that a rare exception to that rule applied in that case. Id. Even though the arbitration provision in Koechli stated that "any dispute between the parties hereto" would be subject to arbitration, *470 the Court determined that the phrase "parties hereto" included non-signatories who were officers or agents of a signatory and who received rights and assumed obligations under the agreement. Id. at 946. See also Tenet Healthcare Corp., FMC v. Maharaj, 787 So.2d 241 (Fla. 4th DCA 2001)(allowing non-signatories to compel arbitration when they received rights and accepted obligations under agreements containing arbitration clauses, and the claims against them arose solely in connection with their activities as officers and directors of a signatory); Ocwen Fin. Corp. v. Holman, 769 So.2d 481 (Fla. 4th DCA 2000)(same).
This case is distinguishable from Koechli, Tenet and Ocwen. In each of those cases, in addition to receiving rights and accepting obligations under an agreement containing an arbitration provision, the non-signatory party was an agent, officer, or director of a signatory. We conclude that such a relationship is critical to the exception that Turner wishes to apply. See MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (holding that an exception to the rule that a non-signatory cannot invoke arbitration exists when, under agency or related principals, the relationship between the non-signatory and a signatory is sufficiently close that the only way to avoid eviscerating the arbitration agreement is to allow the non-signatory to compel arbitration). However, neither Turner nor Advanced has such a relationship with Miami-Dade County or American Airlines, the signatories to the Lease Agreement. Furthermore, Koechli, Tenet and Ocwen expand the use of arbitration, which is consistent with the public policy in favor of arbitration,[2] while in the instant case Turner seeks to avoid arbitration, which would go against that policy. We, therefore, reject Turner's argument that the phrase "the parties hereto" in article III, section 4 of the Lease Agreement between Miami-Dade County and American Airlines includes Turner and Advanced, a construction manager and contractor. Because this provision of the Lease Agreement does not apply to a dispute between Turner and Advanced, the arbitration provision of the Contract Agreement between Turner and Advanced controls.
Accordingly, we affirm the trial court's order denying Turner's request for an injunction and stay of arbitration.
Affirmed.
NOTES
[1] Section 35.1 states:

This Agreement shall be governed by the laws of the State of Texas and the applicable laws of the United States of America.... Any action or proceeding against the Construction Manager [Turner] under or in connection with this Agreement or any of the Contract Documents may be brought in any state or federal court in Tarrant County, Texas. Notwithstanding the foregoing, in the event this Agreement is assigned to [Miami-Dade] County ... this Agreement shall be governed by the laws of the State of Florida and the applicable laws of the United States of America. Additionally, subsequent to such assignment, any action or proceeding against the Construction Manager under or in connection with this Agreement or any of the Contract Documents may be brought in any state court in Miami-Dade County, Florida.
(emphasis added).
[2] "Public policy favors arbitration as an efficient means of settling disputes because it avoids the delays and expenses of litigation." Bill Heard Chevrolet v. Wilson, 877 So.2d 15, 18 (Fla. 5th DCA 2004).