CLARK, J.
Robertson Group, a law firm organized as a Florida Professional Limited Liability Company, appeals the non-final order determining the parties’ rights to arbitration under the arbitration clause contained in the Company’s operating agreement. We have jurisdiction. See § 608.423, Fla. Stat.; Fla. R.App. P. 9.130(a)(3)(C)(iv). For the following reasons, the trial court’s order is affirmed in part and reversed in part.
This appeal stems from a case filed in the context of the dissolution of a Florida Limited Liability Company, pursuant to chapter 608, Florida Statutes. In the process of settling the accounts of the Company and distribution of its assets, one of the lawyers, Mr. Niesen, notified the other lawyers of his demand for arbitration. Messrs. Price and Worthy also demanded arbitration. Shortly thereafter, the other member of the firm, Mr. Robertson, filed the instant suit against the Company and the other lawyers, seeking a judicial ruling on the existence and amount of a debt he claims is owed to him by the Company and asking that the arbitration be stayed pending the outcome of the litigation. He asserted that his claim is not governed by the arbitration agreement.
The interlocutory order on appeal disposed of several motions filed by the various parties, pertaining to arbitration of the issues as governed by the L.L.C.’s member agreement. The trial court stayed the arbitration and ordered that “issues relating to a debt owed by the law firm to *1114 Peter A. Robertson” be litigated, because the arbitration clause did not “cover matters between the law firm and a creditor of the law firm” and that the arbitration clause “specifically excludes from arbitration any disputes between the members of the law firm regarding their compensation.”
Mr. Robertson is bound by the member agreement he signed, his status as a creditor notwithstanding. Section 11.05 of the member agreement specifically recognized that Members might have made loans to the Company and that Members who had made such loans to the Company would have priority in the distribution of assets. See also, § 608.444, Fla. Stat. (“[i]n settling accounts after the dissolution of a limited liability company, the assets of the limited liability company must be distributed in the following order: (1) To creditors, including members who are creditors ... ”).
In addition, Mr. Robertson’s claim of a debt owed to him by the Company is not a controversy “as to the compensation of Members,” under the exclusion in the arbitration provision of the member agreement. Article XII provides: “Except with respect to controversies as to the compensation of Members, which are to be determined solely in accordance with the terms of this Agreement, any controversy arising out of or relating to this Agreement or to the enforcement of this Agreement shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association then in effect.” The term “compensation” is not defined in the agreement.
Where contractual language is unambiguous, the language must be given its ordinary meaning. Turner Const. Co. v. Central Florida Equipment, 904 So.2d 474 (Fla. 3d DCA 2005). “Compensation” is generally understood to mean “remuneration and other benefits received in return for services rendered.” Black’s Law Dictionary 301 (8th ed. 2004). In contrast, repayment of a loan is not ordinarily understood to mean remuneration in return for services rendered, but is the return of funds provided by the lender for the borrower’s temporary use, plus any agreed-upon interest. See Black’s Law Dictionary 954 (8th ed. 2004) (“Loan, n_2. a thing lent for the borrower’s temporary use; esp. a sum of money lent at interest.”).
Contracts with arbitration clauses create a presumption of arbitrability. Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989). The broad arbitration clause in this case is to be liberally construed in favor of arbitration. Any doubt in the scope of an arbitration agreement should be resolved in favor of arbitration. Murphy v. Courtesy Ford, L.L.C., 944 So.2d 1131 (Fla. 3d DCA 2006). The three elements for courts to consider in ruling on a motion to compel arbitration are: 1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable issue exists; and 3) whether the right to arbitrate was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). The only element at issue here is (2), whether an arbitrable issue exists, i.e. — whether the dispute about the verbal loan to the firm in the pending lawsuit is arbitrable. The “broad” arbitration clause in this case, providing “[a]ny controversy arising out of or relating to this Agreement or to the enforcement of this Agreement” shall be arbitrated, clearly covers the dispute in the trial court action.
In light of the particular language contained in the contract entered into by the lawyers in this case, the portion of the trial court’s order staying arbitration and denying a stay of litigation of Mr. Robertson’s *1115 claim of a debt owed him by the Company on the basis that such claim is excluded from the arbitration provision in the member agreement is REVERSED. In all other respects, and after review of the cross-appeal of Niesen, Price, and Worthy, the trial court’s order is AFFIRMED. This case is remanded for further proceedings, pending arbitration of matters as required by the member agreement.
ROBERTS and WETHERELL, JJ„ concur.